ALBERT L. MURDOCK *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Suffolk.   March 13. — May 13, 1882.   ENDICOTT & DEVENS, JJ., absent.

At the trial of an action of contract for a breach of the agreement of a railroad
corporation to carry the plaintiff as a passenger on its railroad from S. to N., it
appeared that he bought a ticket at S. which entitled him to be carried to N.;
that the defendant's conductor refused to receive the ticket, and, when the train
arrived at an intermediate station, the conductor, who was a railroad police
officer, arrested the plaintiff for evading his fare, and delivered him into the
custody of two police officers, who detained him during the night in the place
provided for arrested persons. *Held,* that the detention of the plaintiff during
the night, his discomforts in the place of detention, illness produced by the
dampness of the cell in which he was confined, and the indignities which he
suffered at the hands of the police officers, were not elements of damage, which
he could recover in this action.

MORTON, C. J.   This is an action of contract to recover dam-
ages for a breach of the defendant's contract to carry the plain-
tiff as a passenger on its railroad from Springfield to North
Adams.   It appeared at the trial that the plaintiff bought a
ticket at Springfield, which entitled him to be carried to North
Adams; that the defendant's conductor refused to receive the
ticket, and, when the train arrived at Pittsfield, the conductor,
who was a railroad police officer, arrested the plaintiff for evad-
ing his fare, and delivered him into the custody of two police
officers of Pittsfield, who detained him during the night in the
place of detention provided for arrested persons.   The learned
justice who presided in the Superior Court ruled that the
plaintiff was entitled to recover damages for this arrest and im-
prisonment, for indignities which the plaintiff contended that he
suffered at the hands of the Pittsfield police officers, for his
mental suffering, and for sickness produced by a cold caught
while confined.

The distinction between the rules of damages applicable in
actions of contract and of tort appears to have been overlooked
at the trial.   Without inquiring whether all the elements of
damage admitted by the court would be competent, if this had
been an action of tort for an assault and false imprisonment, we
are of opinion that too broad a rule was adopted in this case.
Damages for a breach of a contract are limited to such as are

the natural and proximate consequences of the breach, such as may fairly be supposed to enter into the contemplation of the parties when they made the contract, and such as might naturally be expected to result from its violation. The detention of the plaintiff during the night, his discomforts in the place of detention, the cold which he took by reason of the dampness of the cell, and the indignities he suffered from the police officers of Pittsfield, were not the immediate consequences of the breach of the defendant's contract to carry the plaintiff to North Adams. They were the results of intervening causes, not the primary, but the secondary, effects of the breach of contract; and are too remote to come within the rule of damages applicable in an action of contract. *Hobbs* v. *London & Southwestern Railway*, L. R. 10 Q. B. 111. The plaintiff's remedy for these wrongs, if proved, is by an action of tort. The defendant was not required to be ready to meet and contest these questions under a declaration alleging a breach of a contract to carry the plaintiff to North Adams.                                *Exceptions sustained.*

*R. M. Morse, Jr.*, for the plaintiff, was first called upon.

*G. S. Hale & C. F. Walcott*, for the defendant, were not called upon.