### JOHN D. ROBINSON *vs.* NORTHAMPTON STREET RAILWAY COMPANY.

Hampshire.    September 20, 1892. — October 20, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Due Care — Notice to Conductor of Street Car — Authority of Conductor to bind the Corporation.*

In an action against a street railway company to recover for personal injuries occasioned to the plaintiff's intestate in alighting from a car, the plaintiff contended that the conductor was absolutely bound to remember the notice, which the plaintiff alleged that the intestate gave the conductor, of the place where she intended to get off, and was absolutely bound, not only to stop the car at the place a reasonable length of time for the plaintiff's intestate to alight, but also to give her express notice that the car had stopped there in order that

she might get off. The judge refused to give the instructions requested, and instructed the jury that the fact of notice, if the plaintiff's intestate gave notice, was one circumstance to be considered, in connection with other circumstances, upon the question of the negligence of the conductor and the due care of the plaintiff's intestate. *Held*, that the instructions given were sufficiently favorable to the plaintiff.

Even if the evidence in an action for personal injuries would have warranted the jury in finding that the conductor of a street car undertook to bind the corporation to an absolute contract that he would give the plaintiff's intestate express notice when the car stopped at the place where the plaintiff's intestate wanted to get off, or that he had authority to make such a contract, it was *held* that the action was for negligence, and the existence of the contract would have been only a fact to be considered in connection with all the other evidence in the case.

TORT, for personal injuries occasioned to the plaintiff's intestate in alighting from an open car of the defendant, on May 31, 1890.

At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*G. M. Stearns & J. T. Keating*, for the plaintiff.

*J. C. Hammond & H. P. Field*, for the defendant.

FIELD, C. J. The plaintiff complains, in his declaration, that the street car at or near the junction of Paradise Road, so called, and Elm Street, was suddenly started up without notice to his intestate, whereby she, being a passenger upon it, was thrown upon the ground and injured. He introduced evidence tending to show that the intestate told the conductor " that she wished to get off at Paradise Road, and that the conductor nodded his head." The plaintiff's counsel asked the court to instruct the jury that, if the intestate " gave notice to the conductor where she intended to get off the car, he was bound to remember it, and take suitable action with reference to said notice." The exceptions recite that " the conductor testified that he was looking out for Mrs. Robinson, knew where she lived, and stopped the car for her and another passenger to get off at Paradise Road; that after the other passenger had alighted he noticed that Mrs. Robinson did not arise, and he thought that she intended to go further. He neither called out the name of the street, nor attracted her attention in any way, and gave the signal for the car to start, after which she arose and stepped off the moving car." But the plaintiff's testimony

tended to show that she got up while the car was stopped, and that while getting off the car was started, and she was thrown as alleged in the declaration.

It appeared that the car on this trip was nearly or quite filled with passengers. It was not the custom on this street railway for conductors of cars to call out the streets. The plaintiff's intestate had resided for five years in a house directly opposite the entrance to Paradise Road, and was accustomed to ride on the street cars, and was perfectly familiar with all the localities along the route on which the car was going, and it was daylight when the accident occurred.

It seems to be the contention of the plaintiff's counsel, that the conductor was absolutely bound to remember the notice which he received from the plaintiff's intestate, and was absolutely bound, not only to stop the car at Paradise Road a reasonable length of time for the plaintiff's intestate to alight, but also to give her express notice that the car had stopped there in order that she might get off. We think that the court rightly refused to give the instruction requested, and that the instructions given were sufficiently favorable to the plaintiff. The court instructed the jury that the fact of notice, if the plaintiff's intestate gave notice, was one circumstance to be considered, in connection with others, upon the question of the negligence of the conductor and the due care of the plaintiff's intestate.*

---

\* The instructions were as follows: " There was some argument made by the learned counsel for the plaintiff, that the giving of that notice and the nodding of the head by the conductor, if he did nod, constituted a .contract binding absolutely upon the defendant corporation. For the purposes of this case, I must state a different view of the law. . . . I do not understand that the law, aside from any special authority conferred by the corporation, vests the conductor of a horse car with the right to make any special contract between the defendant corporation and a passenger. . . . On the contrary, if the passenger gives to the conductor any notice pertaining to his transportation, that notice may more or less affect the corporation in the matter of negligence or non-negligence towards the passenger. I do not think the law imposes upon the conductor, or upon the corporation rather, an absolute duty to see to it that the conductor remembered that notice when he got to Paradise Road. I do not think the law vests a passenger with a legal right to impose upon the defendant corporation a legal obligation that a conductor shall remember, infallibly, a notice given him, when a passenger takes a car, in regard to some point at which the passenger wishes to get off.

The evidence would not have warranted the jury in finding that the conductor undertook to bind the corporation by an absolute contract that he would give the plaintiff's intestate express notice when the car stopped at Paradise Road, or that he had any authority to make such a contract on the part of the corporation; and even if there had been such a contract, the action was for negligence, and the existence of the contract would have been only a fact to be considered in connection with all the other evidence in the case. It would have been for the jury to say whether, if there had been such a contract, the conductor was careless, either in not remembering it, or, if he did remember it, in not taking "suitable action" with reference to the plaintiff's intestate getting off the car.

*Exceptions overruled.*

---

I think you have a right to take the notice, if you find one was given, into consideration, when you come to investigate the conduct of the defendant corporation, through its agents, when the car reached Paradise Road. You have a right to determine how far it was the duty of the conductor to remember; how far it was reasonable and right that his conduct should be affected by it, and what he did; and you would have the right, if you find it was given, to consider it also when you come to consider Mrs. Robinson's conduct; because, if notice was given, it then becomes one of the facts and elements in the case, and such effect is to be given to it as under all the circumstances, and in connection with all the circumstances, the jury may think reasonable. I can say to you, I think, like this. So far as the law imposes any obligation on the defendant corporation growing out of the notice — if one was given — if there were but few passengers, and the time between the giving of the notice and the time there was occasion to act upon it was short, the passengers few, and little to distract or divert the attention of the conductor, you might say, if you think so, that the duty was more incumbent upon him — might be more reasonably required of him — to have this notice in mind. If there were a good many passengers, a good many to look after, more to distract or divert the attention of the conductor, then you might say there was less duty and obligation upon the conductor to have the notice in mind."