MARY A. HAMILTON *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.   December 10, 1894. — March 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Street Railway — Negligence — Action.*

An action cannot be maintained against a street railway corporation for personal injuries occasioned to a passenger in its car, on the ground that it ought to have avoided a runaway horse and herdic attached which ran into it and did the damage, as it was making a sharp turn into a street on the opposite side from the street down which the carriage came, and the driver of the car was stopping for passengers on his side; it being conjecture whether he knew that the carriage was coming.

TORT, for personal injuries occasioned to the plaintiff while a passenger in one of the defendant's horse cars, on Cambridge Street in Boston, by the alleged negligence of the defendant. Trial in the Superior Court, before *Dunbar*, J., who, at the close of the evidence for the plaintiff and at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts sufficiently appear in the opinion.

*L. S. Dabney & F. Cunningham*, for the plaintiff.

*M. F. Dickinson, Jr.*, for the defendant.

HOLMES, J. The plaintiff seeks to charge the defendant for personal injuries suffered by her, on the ground that its car ought to have avoided a runaway herdic which ran into it and did the damage. The grounds, however stated, are pure matter of guess-work. It is conjecture whether the driver knew that the herdic was coming. It would be prejudice to say that he ought to have known, if he did not. There is no evidence on either point which amounts to anything except the relative situations. The time during which the herdic was in sight before the accident must have been very short. During the last part of that time, if not the whole of it, the car was making a sharp turn into Cambridge Street on the opposite side from Joy Street, down which the herdic came, and the driver was stopping for passengers on his side, so that his attention naturally was drawn away from Joy Street. But suppose the driver had known the danger; it was just as prudent for him to be where he was as to be anywhere else where he could have been. It is said that if he had gone a little faster the herdic would have cleared the rear platform, which it struck, or that if he had stopped in Chambers Street there would have been no collision. This is very well after the event; but beforehand the driver could not tell where the horse would go. A horse car cannot be handled like a rapier. Within the narrow limits of the possible, so far as the evidence shows, a prudent man had no reason to think one spot safer than another.

*Exceptions overruled.*