EDWIN M. WHITE vs. WEST END STREET RAILWAY
COMPANY.

Suffolk.   March 20, 1896. — April 1, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Contract, with a Count in Tort — Agreement with Conductor
of Street Car — Assumption of Risk.*

A passenger on a street railway car who receives injuries while stepping from the
car while in motion cannot recover therefor, either in contract, on the ground
that the conductor agreed to stop at the crossing, the injuries not being the
natural or proximate consequence of the failure to stop there even if a contract
were proved, or in tort, if the circumstances disclose that he assumed the risk
of the accident.

CONTRACT, with a count in tort, both counts being alleged to
be for the same cause of action, for personal injuries occasioned
to the plaintiff from the failure of the defendant to stop one of
its cars, on which the plaintiff was a passenger, at one of its
regular stopping places, on reasonable notice of the plaintiff that
he desired it stopped at such stopping place, and from failure to
use all necessary care and skill in the management of the car.
Trial in the Superior Court, before *Bond, J.,* who allowed a bill
of exceptions as follows.

The plaintiff testified that there was a white post on the south-
erly side of Broadway, at the corner of P Street and Broadway,
South Boston, and he knew that there was a regular stopping
place of the line at that point.  On June 20, 1894, at about 6 P. M.,
he became a passenger on one of the defendant's cars.  At the
corner of P and Fourth Streets he asked the conductor if he
would stop at Broadway.  The conductor said, "Yes, sir."  When
they were about half of the distance from Fourth Street to Broad-
way, the plaintiff got out of his seat and got on to the running
board, and stood there about a minute or so with his hand on the
standard, and looked at the conductor, supposing that he was
going to stop.  About twenty feet from the flagstone of Broad-
way, the plaintiff stepped off the car as carefully as he could into
the gravelled street, and struck on his right shoulder and received

the injuries complained of.    The car was then running at about four miles an hour.

He further testified that he was forty-six years of age; that he had always engaged in out-door occupations; and that since he came to Boston he had ridden frequently on the street cars, and used to go twice a day from South Boston up to E Street, and was very apt to jump on and off the cars when they were in motion, and always came out all right.

The judge, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*E. H. Savary*, for the plaintiff.

*W. B. Sprout*, for the defendant, did not care to be heard.

ALLEN, J.   The plaintiff's construction of his bill of exceptions is, that the car went without stopping past the place where he expected it to stop, and that he then undertook to get off while the car was in motion.   Assuming this to be so, he fully knew the condition of things; he was aware that the car was moving; it was daylight; he stood upon the step of the platform and could see where he was about to step; no unexpected jerk or sudden motion or stopping of the car occurred; he had been in the habit of getting upon and off street cars when they were in motion, and always without injury, and on this occasion he stepped off as carefully as he could into the gravelled street, and was hurt.   The action is for the personal injury.   The plaintiff cannot recover for this on his count in contract.   If a contract by the conductor to stop at the expected place, binding upon the defendant, could be proved upon the evidence, (*Robinson* v. *Northampton Street Railway*, 157 Mass. 224,) the personal injury was not the natural or proximate consequence of a failure to stop there.   *Murdock* v. *Boston & Albany Railroad*, 133 Mass. 15. Nor can he recover on his count in tort.   He chose to get off while the car was moving, and without making a further effort to stop it.   Under the circumstances disclosed, he took the risk of such an accident as happened.

*Exceptions overruled.*