DRESSLAR v. CITIZENS' STREET RAILROAD COMPANY.

[No. 2,133.   Filed Sept. 16, 1897.   Rehearing denied Feb. 24, 1898.]

NEGLIGENCE.—*Street Railways.*—*Injury of Passenger.*—*Presumption of Negligence.*—The fact that a person was injured while a passenger on a street railway does not raise the presumption of negligence on the part of the railway company. *p. 385.*

SAME.—*Personal Injuries.*—*Street Railways.*— *Proximate Cause.*— Carrying a passenger on a street car beyond his station is not the proximate cause of any events occurring at another place where he attempted to alight, resulting in injury to such passenger. *p. 386.*

SAME.—*Personal Injuries.*—*Street Railways.*—*Special Verdict*—Facts found in a special verdict in an action against a street railway company for injuries to a passenger while attempting to alight from a car, to the effect that the passenger failed to give notice in time to have the car stopped where he desired to alight, and, expecting the car to stop, in attempting to change his position from the platform to the step below, preparatory to alighting, he was thrown from the car and injured by the gradual increase in speed, do not show negligence on the part of the defendant railway company. *pp. 386-389.*

From the Morgan Circuit Court.   *Affirmed.*

*A. G. Smith, C. A. Korbly, Beckett & Doan, Christian & Christian* and *W. R. Harrison,* for appellant.

*W. H. H. Miller, J. B. Elam, Ferdinand Winter, W. H. Latta* and *W. E. McCord,* for appellee.

COMSTOCK, J.—This action was commenced in the superior court of Marion county, and heard and determined in the circuit court of Morgan county upon change of venue.   Damages are sought for personal injuries received by a passenger on a street car.   The complaint, after describing the defendant company as a corporation operating an electric street railway in Indianapolis, and alleging that the plaintiff, who is the appellant here, was a passenger on one of its cars, avers that plaintiff desired to stop at the crossing of Meridian and Ray streets, in said city, and gave to the conductor the proper signal for that pur-

pose, but that the defendant, notwithstanding notice of his desire to stop, negligently caused plaintiff to be carried beyond that crossing, and when beyond, checked the speed of the car as if about to stop, whereupon the plaintiff, believing that it was about to stop, and that the car was at the crossing where he desired to leave it, without negligence prepared to alight, and while he was on the platform the defendant suddenly and negligently, and without warning to the plaintiff, greatly increased the speed of said car; that by reason of the sudden increase of speed of said car the plaintiff was hurled from said platform upon the ground, and received the injuries for which he sues.

The cause was put at issue by a general denial. A special verdict was returned, upon which the trial court rendered judgment for costs in favor of defendant (appellee). There is some controversy between counsel as to whether the complaint as set out in the transcript is the one upon which the case was tried (an amended complaint having been filed). We will treat the complaint, the material allegations of which are above set out, as properly in the record, and the one upon which the trial was had. The errors assigned and discussed are, that the trial court erred in sustaining appellee's motion for a judgment on the special verdict, in overruling a like motion for appellant, and in refusing to submit to the jury certain interrogatories requested by the appellant.

The record consists of the pleadings, instructions of the court, the special verdict, and motions made after its return. The appellant was entitled to judgment if the facts found in the special verdict show that he was injured by appellee's negligence substantially as alleged in the complaint, and that he was himself free from negligence proximately contributing to

Dresslar *v.* Citizens' Street Railroad Company.

such injury. Does the special verdict show that appellant was injured by the negligence of the appellee? The appellant's counsel claim that the fact that he was injured, being a passenger, raises the presumption that the appellee was negligent; citing *Augusta R. R. Co.* v. *Randall,* 79 Ga. 314, 4 S. E. 674; *Carter* v. *Kansas City Cable R. W. Co.,* 42 Fed. 37. We think such presumption does not arise in this case. It arises in cases where there has been an accident to the train or car of such character as would not ordinarily happen when properly constructed and operated. There are cases in which the passenger, from the nature of the accident, could have nothing to do with causing it, and perhaps no knowledge of its cause. It is then incumbent upon the carrier to acquit itself of blame. In proportion as the nature of the accident fails to suggest in itself negligence, where the facts show it might as well have happened by the negligence of one party as the other, where the injured passenger is himself an actor, the presumption ceases.

In the answer to the two sets of interrogatories submitted to the jury, some of them covering substantially the same ground, but differently worded, we find some confusion and seeming contradictions. Considering them all together, with a desire to ascertain fairly the meaning of the jury, we think these findings show the manner of the accident as hereinafter set out. The theory of the complaint is that the appellant was thrown from the car by its sudden movement when he believed it was about to stop for him to alight at the place where he desired to get off. If a passenger is carried beyond his stopping place, whether negligently or not, he is not excused from negligent conduct in attempting to alight further on, nor does the fact that he has been carried

beyond his stopping place throw any light on the question of the carrier's negligence at a subsequent time when he is attempting to alight somewhere else. The carrying of a passenger beyond his station is not the proximate cause of any of the events occurring at another place where he attempts to alight. *White* v. *West End, etc., R. W. Co.*, 165 Mass. 522, 43 N. E. 298; *Sickles* v. *Missouri, etc., R. W. Co.* (Tex. Civ. App.), 35 S. W. 493; *Reid* v. *Evansville, etc., R. R. Co.*, 10 Ind. App. 385. The averments in the complaint as to carrying the plaintiff beyond his stopping place are, therefore, not significant upon the question of the approximate cause, although pertinent as explaining the position of appellant and leading up to the accident.

There remains, then, in the complaint the averment constituting negligence, that, while the passenger was waiting on the rear platform of the car for it to stop to permit him to alight, its speed was suddenly increased, and he was hurled to the ground. The complaint does not attempt to make a case in which a passenger had been hurt while attempting to alight at the usual place. A character of case of which the published reports contain many instances.

The findings of the special verdict show: That appellant was a passenger on a car going south on Meridian street, intending to alight at the intersection of Meridian and Ray streets; that Ray street crossed Meridian street at right angles; that Wilkins was the next street south of Ray street, crossing Meridian at right angles; that he was riding in a closed car, lighted by electricity; that it was dark; that he was not very well acquainted with the locality; that when the car was on the crossing of Meridian and Ray streets he signaled the conductor that he desired to alight; the car was running at the rate of

Dresslar *v.* Citizens' Street Railroad Company.

five miles an hour; that the conductor immediately signaled the motorman to stop the car; the speed of the car was reduced to two miles an hour; that appellant left his seat in the car as the speed was being reduced, and came out and stood on the platform of the car; that appellant knew the car had passed beyond the crossing at which he intended to get off.  At the time of the accident, and for some months prior thereto, it had been the rule and custom of the defendant company to stop its cars to receive and discharge passengers only at street crossings, and these stops were made only at the further side of the cross-streets as the car was running; that this rule and custom was known to the plaintiff.  While he was standing on the platform, the speed of the car was increased, not suddenly, or in a way to cause a jerk, but producing a jar and vibration.  The instant that the speed was reduced, the appellant attempted to step from the platform of the car to the step twelve inches below it, and in the act of so doing was thrown from the car; that his fall was not occasioned by any jerk or sudden motion, but by reason of the jar or vibration caused by the increase of the speed.  At the time he fell he was not attempting to get off the car.  The further side of Wilkins street crossing was 210 feet from the place where he fell.  It thus appears that known stopping places were established, known to the appellant; that the accident happened between these known stopping places to a passenger who did not intend to alight at or near the place where he fell.  What duty did the employes of the defendant company owe appellant which they failed to perform?  He was standing on the platform of the car between stations, 210 feet from the nearest point at which it would make its next stop, waiting for the car to stop.  Up to the

moment that appellant fell, he was standing on the platform of the car which was moving slowly. But the motorman, gradually, without jerking, increased the speed by turning on the current of electricity. Why this was done the jury do not find. Uniformity in the movement of street cars is not the rule, and cannot reasonably be expected. It is varied from various causes as they arise. Some degree of vibration is incident to even moderate speed. Simultaneously with the increase of speed, appellant attempted to step from the platform to the step below, without holding to or leaning against anything.

One of the interrogatories submitted reads as follows: "If plaintiff did or said anything indicating an intention to alight from the car while on the platform between Ray and Wilkins streets, and before the car reached Wilkins street, what was it? Answer. He walked out expecting the car to stop." The change of his position was without warning. It would be requiring of the defendant too much that its employes should anticipate a movement unnecessarily made, without warning. When made, it was evidently too late to arrest his fall, or prevent the unfortunate result.

The facts found show that appellant failed to give notice in time to have the car stopped where he desired to alight; that appellee attempted to stop the car at the Ray street crossing; that it was not the fault of appellee that appellant was carried beyond the crossing at Ray streets; that thereafter, while standing upon the platform of the moving car, between stations, in attempting to change his position from the platform to the step below, preparatory to alighting, he was thrown from the car and injured by the gradual increase in the speed of the car. We think the facts do not show negligence upon the part

of the appellee. The conclusion reached renders it unnecessary to consider other questions discussed. Judgment affirmed.