HORACE E. BLACK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 11, 1904. — January 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence.    Street Railway.*

A passenger in a car of a street railway company cannot recover from the company for injuries caused by a collision of the car with a team driven at night without lights at a pretty fairly lively gait on an unlighted street, crossing the car track from an intersecting street, from which the driver could have seen the car when it was one hundred feet or less away from the corner and when he himself was within five hundred feet of the corner, and where the car was not running at an excessive rate of speed, and the motor was reversed a second or so before the collision, apparently as soon as the team emerged from the darkness into the space lighted by the lights of the car, the only negligence shown being that of the driver of the team.

TORT for personal injuries received while a passenger on a car of the defendant.    Writ dated March 20, 1902.

In the Superior Court the case was tried before *Harris*, J. The following statement of the case is taken from the opinion of the court :

This is an action by a passenger for injuries suffered by him under the following circumstances.    The plaintiff was standing in the forward end of the aisle of one of the defendant's cars, the seats being occupied, with his hand on the handle of the door, and looking ahead.    The car was going north on Broadway in

Everett. The plaintiff testified that as the car came to the intersection of Dexter Street he saw a horse on the track, some twenty or thirty feet away, and realized that there would be a collision. To avoid being hurt by it he stepped out on to the platform, but being too late was thrown violently against the forward end of the car. He also testified that the car was running ten miles an hour, and that until he saw the team the car had not slowed down ; that simultaneously with the collision, or a second or so before, the reverse power was applied by the motorman. The only other witness called by the plaintiff was the driver of the wagon. He testified that he was driving west with a load of coke in a furniture wagon, at a pretty fairly lively gait, and never saw the car until the horse's head was ten or twelve feet from the track ; that the car was then two hundred feet away ; that there was no light there except the light on the car ; that he could see down Broadway for a distance of one hundred feet when he was on Dexter Street anywhere between the corner of Dexter Street and Broadway and a point five hundred feet east of the corner ; that the car struck his left hind wheel and swung his cart round parallel with the car, facing in the opposite direction ; that he started from the coke works at five or six minutes after six o'clock in the afternoon. The accident happened on January 31, 1902.

It was agreed that the plaintiff was in the exercise of due care.

The presiding judge directed the jury to find a verdict for the defendant, and the case is here on an exception to that ruling.

*J. J. O' Connor*, for the plaintiff.

*C. S. French*, for the defendant.

LORING, J. [After the foregoing statement of the case.] We are of opinion that the ruling was right. To recover, the burden was on the plaintiff to prove that the collision was caused by the negligence of the defendant. In place of proving that, so far as the proof went it showed that it was caused by the negligence of the driver of the cart. The case which the plaintiff made out was the case of the driver of an unlighted cart on an unlighted street, in the night time, driving along without seeing a car on an intersecting street until his horse's head was within ten or twelve feet of the track, although on his own testimony he might

have seen the car when it was one hundred feet or less away from the intersection of the two streets, and when he was within five hundred feet of the corner. The car was not running at an excessive rate of speed, and the motor was reversed a second or so before the collision, apparently as soon as the wagon emerged from the darkness into the space lighted by the lights of the car. See in this connection *Hamilton* v. *West End Street Railway*, 163 Mass. 199.

The plaintiff has argued that on the only testimony as to lights on the street, on which the cart was being driven it might be found by the jury to mean that there was no light which enabled the driver to see the motorman on the car platform. If that is so, the plaintiff failed to prove that the street was lighted, and the result is the same ; it must be assumed not to have been lighted.

*Exceptions overruled.*