SINGER SEWING MACHINE COMPANY *vs.* SPRINGFIELD STREET
RAILWAY COMPANY.

SARAH E. FEINBERG *vs.* SAME.

Hampden.    October 20, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway, Of driver of wagon, *Res ipsa loquitur.*

In an action against a street railway company for damage to a wagon resulting from
its being run into by an electric street car of the defendant on a dark night, there
was evidence that the street railway track was at the side of a country road,
that there was a strong headlight in use on the car at the time of the accident,
and that the front part of the wagon was damaged the most.  The only evi-
dence from which an inference could be drawn as to what the driver of the wagon
was doing was that the track of the wagon on the road, observed after the acci-
dent, went to the street railway track "right straight across the road, almost."
*Held,* that there was no evidence that the driver was in the exercise of due care.

In an action against a street railway company by a passenger for personal injuries
resulting from a collision of the car and a wagon on a dark night, there was
evidence tending to show that the street railway track was at the side and out-
side of the travelled way of a country road running through an open district,
that the track was straight in that vicinity, that there were very few houses and
no cross streets, and that there was in use on the car a very strong headlight.
There was no direct estimate in the evidence of the speed of the car.  A witness
testified to the effect that it was going "awful fast," "rolling, jumping, . . .
running one way and the other . . . jumping around and down, shaking."
There also was evidence that, after the accident, the track of the wagon appeared
to be straight across the road to the street railway track, and there was no evi-
dence tending to explain the action of the driver of the wagon.  *Held,* that there
was no evidence of negligence of the motorman, and that the circumstances
did not call for an application of the doctrine of *res ipsa loquitur.*

MORTON, J.   These are two actions of tort growing out of a col-
lision between a wagon belonging to the Singer Sewing Machine
Company and a car of the defendant company.   The cases were
tried together, and at the conclusion of the plaintiff's evidence a
verdict was ordered * in each case for the defendant.   The cases
are here on exceptions by the plaintiffs to the ruling thus made.
We are of opinion that the ruling was right in each case.

* By *Dana,* J.

The accident occurred a few minutes past six o'clock in the evening of November 15, 1910. The night was dark, but the car had a strong headlight. The driver of the wagon was killed.

As to the Singer Sewing Machine Company there is nothing to show that the driver of the wagon was in the exercise of due care. The circumstances relating to his conduct and under which the collision took place do not appear. The only evidence from which an inference could be drawn as to what the driver of the wagon was doing was that of a witness who after the accident observed the track of the wagon, and who testified that "it went pretty near across the road, where it left the rail, right to the track of the car; right straight across the road, almost." The only conclusion that could be drawn from this would be that the driver of the wagon drove across the road into or directly in front of the car. This conclusion is strengthened by evidence tending to show that it was the front part of the wagon that was damaged the most. There is nothing tending to show that the driver was in the exercise of due care.

The individual plaintiff in the other case was a passenger and was thrown to the floor of the car by the force of the collision and received injuries from which she suffered a miscarriage. The car was a small one, and there was evidence tending to show that it was going "fast," "awful fast," "rolling, jumping, . . . running one way and the other . . . jumping around and down, shaking," as one witness, the husband of this plaintiff, testified. The exceptions contain no direct estimate of the speed, and there was nothing except these epithets to show that the car was running at an unusual or dangerous rate of speed. The same witness who testified as above said on cross-examination, as we understand his evidence, that the car always ran at full speed at the same place as it did on the night in question. The car was going from Ware to Three Rivers and the uncontradicted evidence showed that at the place where the accident occurred the track was straight, that the road was a country road and that the country was open with very few houses in the vicinity and no cross streets, that the railway track was outside the travelled road and that there was plenty of room for a team in the highway without getting on to the railway track. It also appeared, as already observed, that the car had a strong headlight. Under such circumstances the mere fact that the car was

going "fast," or "awful fast," and "rolling and jumping," cannot be said to constitute negligence on the part of the motorman or conductor. *Olund* v. *Worcester Consolidated Street Railway*, 206 Mass. 544, 547. *Ducharme* v. *Holyoke Street Railway*, 203 Mass. 384, 395. The cause of the accident would seem to have been that the driver of the wagon drove straight across the road on to the track or into the car when the motorman had no reason to anticipate that he would do so and therefore cannot be held to have been wanting in due care in not avoiding a collision. The doctrine of *res ipsa loquitur* does not apply. The cause of the accident is explained although the circumstances relating to the conduct of the driver of the wagon do not appear in evidence.

*Exceptions overruled in each case.*

The cases were submitted on briefs.

*C. L. Young*, for the plaintiffs.

*H. W. Ely, J. B. Ely & J. D. Lennehan*, for the defendant.