UNION TRACTION COMPANY OF INDIANA *v.* MANN.

[No. 10,082. Filed October 14, 1919. Rehearing denied December 19, 1919.]

CARRIERS.—*Carriage of Passengers.—Collision with Car of Another Road.—Applicability of Doctrine of Res Ipsa Loquitur.—Injury to Passenger.*—In a passenger's action against a street railroad company for personal injuries, where the uncontradicted evidence showed that the street car on which plaintiff was riding as a passenger was, while standing at a regular stopping place to receive and discharge passengers, struck by a car following it, which was owned by another company and operated by its employes, the doctrine of *res ipsa loquitur* does not apply, but plaintiff has the burden of showing negligence, so that an instruction that a presumption of negligence, as against the company on whose car plaintiff was a passenger, arose from the fact of the collision, was improper.

From Marion Superior Court (100,883); *Theophilus J. Moll,* Judge.

Action by Adolph Mann against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*J. A. Van Osdol, Joseph G. Morgan* and *Matson, Kane & Ross,* for appellant.

*H. J. Everett,* for appellee.

ENLOE, J.—Action by appellee to recover damages for injuries alleged to have been sustained while a passenger on one of defendant's cars..

It appears from this record that on the night of March 14, 1914, near the hour of 10:30 o'clock, appellee boarded one of appellant's cars, known as its Broad Ripple car, near the corner of Illinois and Washington streets, in the city of Indianapolis, to be carried as a passenger to Broad Ripple; that thereafter said car reached the crossing of Pennsylvania and Ohio streets and came to a stop just before reaching Ohio street to receive passengers; that at that time plaintiff was seated in said car near the rear door as a passenger; that following said Broad Ripple car was a car operated by the Indianapolis Traction and Terminal Company, and known as an East Tenth street car; that said Broad Ripple car was struck from the rear by said East Tenth street car, at said point, south of Ohio street, where it had stopped to receive passengers, and was shoved forward three or four feet. That part of the complaint herein charging the negligence of appellant which caused the injury is as follows: "Plaintiff says that the defendant, the Union Traction Company was negligent and careless in running and managing its car at the time, and was unmindful of the danger to passengers, caused by collision; that the defendant was negligent and careless and unskillful in managing its said car and caused the said accident, by which his injuries were brought about and received."

The appellee was the only person testifying in his behalf as to how the collision occurred, and he does not seem to have been very clear upon that subject. He says: "I could not tell whether it ran into us,

or we ran into a jam,—there was a jam. The car was running when it happened."

Seven witnesses testified on behalf of appellant as to how the collision occurred. Two of them were former employes of the Indianapolis Traction and Terminal Company, and in charge of the East Tenth street car as conductor and motorman at the time of collision—one the former employe of appellant who had charge of the Broad Ripple car at the time of collision, one the motorman on said Broad Ripple car at the time of collision—and three passengers on said Broad Ripple car at time of collision. The testimony of each of these men is clear, unequivocal and positive that at the time of the collision the Broad Ripple car had stopped and was receiving passengers, and while so stopped the East Tenth street car which was following the Broad Ripple car ran into said car. The motorman on said East Tenth street car testified that he set his brakes and tried to stop, but the rails were wet and slippery and he could not stop the car; that he "slid" into the Broad Ripple car; that "the front deadwood of my car bumped the rear deadwood of the Broad Ripple car."

It further appears from the record, without contradiction, that the car of appellant in question was a "pay-as-you-enter" car, and that at the time of said collision the conductor on said car was at his regular and usual place—the rear end of said car—collecting the fares of his passengers as they entered the car. He testified, and his testimony is not in any way contradicted or impeached, that he did not see the car approaching from the rear, and the first he knew of the collision was the jar caused by the cars striking.

There was a verdict and judgment for the plaintiff, and, appellant's motion for a new trial being overruled, it has appealed to this court and has assigned as error the overruling of its motion for a new trial.

The motion for a new trial contained the following causes, viz.: (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) error of court in giving instruction No. 9 of instructions given by the court of its own motion; and (4) error in overruling motion made at the close of all the evidence for peremptory instruction to jury to find for appellant.

Was there sufficient evidence to sustain the verdict? If not, then it is contrary to law and should be set aside.

The appellee contends that the facts proved, together with the legal presumptions arising therefrom, were sufficient to entitle the case to go to the jury, and therefore are sufficient to support the verdict; that it being shown that appellee was a passenger on one of appellant's cars, and that he was injured while he was such passenger, without fault or negligence on his part, the doctrine of *res ipsa loquitur* applies, and also raises, as against the appellant, the presumption that it was negligent in some matter, that such negligence caused the injury complained of, and that the jury were entitled to consider all the evidence in the case in the light of such presumption.

On the other hand, the appellant insists that where an injury to a passenger on a street railway is caused by something not within the carrier's control, something in no way connected with the construction of its road, or the appliance, or machinery used in the

operation of the road, or the acts of the employes in the conduct of the car, there is no such presumption of negligence as against such carrier.

If this precise question has ever been presented to this, or the Supreme Court of our state, such has not been called to our attention, and we have been unable to find any decision of our courts covering this matter.

In the case of *Dresslar* v. *Citizens' St. R. Co.* (1898), 19 Ind. App. 383, 47 N. E. 651, this court, speaking of such presumption, said: "It arises in cases where there has been an accident to the train or car of such character as would not ordinarily happen when properly constructed and operated." This seems to be the nearest the courts of our state have come to passing upon the question involved, but we are not without authority from other states.

In *Stangy* v. *Boston, etc., R. Co.* (1915), 220 Mass. 414, 107 N. E. 933, the plaintiff was a passenger upon defendant's car and was injured by the breaking of the glass in the side windows of the car. The glass was broken by the collision of the car with a wagon in the street and the court said: "The evidence fails to show negligence on the part of the defendant. * * * The case at bar is not within the doctrine of *res ipsa loquitur,* * * *. That doctrine does not establish liability where a definite cause is clear on the evidence. It applies only when the cause, although unexplained, does not happen according to common experience without fault on the part of the defendant."

In the case of *Loehner* v. *North Chicago St. R. Co.* (1904), 116 Ill. App. 365, the plaintiff was injured while a passenger upon defendant's railway car, by

reason of the rear wheels of a coal wagon slipping and throwing the rear end of the wagon box in contact with the car. It was insisted that the fact that plaintiff was injured while a passenger in car of said defendant company raised as against said carrier a presumption of negligence. In considering this question, the court said: "There is no doubt but such is the general rule. But there is a well-defined exception to this rule, namely, that where the approximate cause of the injury, at least in part, was the act of a third person over whom the carrier had no control, the presumption of negligence from the happening of the accident does not arise, but the duty of proving the negligence of the carrier rests upon the passenger." See, also, *Grant* v. *Metropolitan St. R. Co.* (1904), 99 App. Div. 422, 91 N. Y. Supp. 202; *Elliott* v. *Brooklyn, etc., R. Co.* (1908), 127 App. Div. 300, 111 N. Y. Supp. 358; *Singer Sewing Mach. Co.* v. *Springfield St. R. Co.* (1913), 216 Mass. 138, 103 N. E. 283; *Chicago Union Trac. Co.* v. *Niel* (1905), 218 Ill. 9, 75 N. E. 800, 2 L. R. A. (N. S.) 725, 4 Ann. Cas. 7; *Hawkins* v. *Front St. Cable R. Co.* (1892), 3 Wash. 592, 28 Pac. 1021, 16 L. R. A. 808, 28 Am. St. 72.

In the case of *Black* v. *Boston, etc., R. Co.* (1905), 187 Mass. 172, 72 N. E. 970, 68 L. R. A. 799, which was an action to recover damages for personal injuries sustained while riding as a passenger upon one of defendant's cars, the court said: "To recover, the burden was on the plaintiff to prove that the collision was caused by the negligence of the defendant. In place of proving that, so far as the proof went it showed that it was caused by the negligence of the driver of the cart." A peremptory instruction to the jury to find for the defendant was sustained.

In *Long* v. *Pennsylvania R. Co.* (1892), 147 Pa. 343, 23 Atl. 459, 14 L. R. A. 741, 30 Am. St. 732, it was said, speaking of the doctrine of *res ipsa loquitur*: "This presumption, it will be noticed, arises, not out of the character of the carrier, but out of the nature of the accident. The injurious accident must be connected with the appliances for transportation which are provided by the carrier, are under its exclusive care and control, and whose condition it is bound to know."

In the case at bar the evidence shows, without contradiction, that the car of appellant in question stopped on Pennsylvania street, at the usual stopping place to receive and discharge passengers and was there run into by a car, operated by employes of another company, from the rear. There is no suggestion in any of the testimony in this record that either the motorman or conductor of the car upon which appellee was a passenger was then and there guilty of any act of negligence, either of omission or commission; neither is there any suggestion of any defect in car or appliances of appellant which caused the accident.

Under the circumstances of this accident, as shown by this record, the burden was upon the appellee to establish negligence as against appellant. This he has wholly failed to do.

By the ninth instruction, given by the court of its own motion, the court told the jury that, when electric cars carrying passengers are brought into collision with other cars, a presumption of negligence arises from the fact of collision against the company on whose car the passenger was riding, and that the burden was on the company carrying such passenger to overcome such presumption by proof that it was not negligent.

Generally speaking, this was correct; but as said in *Loehner* v. *North Chicago St. R. Co., supra,* it is subject to a well-defined exception. The facts of the case at bar bring it within the exception to the foregoing rule, and the instruction, in the form in which it was given, was not applicable to the case made by the evidence, and it could only therefore tend to mislead the jury.

The motion for a new trial should have been sustained, and the judgment is reversed, with directions to sustain the motion for a new trial and for further proceedings.