· JULIA M. STRATTON *vs.* POSSE NORMAL SCHOOL OF GYMNASTICS.

Suffolk.   October 17, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Damages,* In contract.

In an action for breach of a contract by the proprietor of a private school to accept the plaintiff as a pupil, the plaintiff is not entitled to recover

for damages resulting from anxiety of mind and disappointment caused by the defendant's breach of the contract.

At the trial of such an action, the judge excluded evidence that the plaintiff previously had left her home in a distant State, had sublet her house, and had become a student in a school in another State, which she left to come to the defendant's school, and that, when the defendant broke the contract, she was unable to rent her house again and failed to complete her education and secure a position. *Held,* that the evidence properly was excluded: neither the loss of the tuition paid by the plaintiff at the former school, her failure to rent her house, nor her failure to complete her education and secure a position was an element of damages within the contemplation of the parties when the contract was made, and the plaintiff was not entitled to recover by reason thereof.

CONTRACT OR TORT, with a declaration described in the opinion. Writ dated May 29, 1922.

In the Superior Court, the action was tried before *Whiting,* J. At the opening of the trial, the plaintiff elected "to go ahead in contract only." Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $200. The plaintiff alleged exceptions.

*J. L. Sheehan,* for the plaintiff.

*A. M. Chandler,* for the defendant.

CARROLL, J. This is an action to recover damages for the breach by the defendant of a contract to admit the plaintiff as a student to its school. The jury awarded the plaintiff $200. The case is before us on her exceptions. The action is in contract.

The plaintiff testified that while a student at a school of "Physical Education" in Ithaca in the State of New York, she wrote the defendant applying for admission to its school in Boston, on January 7, 1921, and her application was accepted. She came to Boston, "presented herself to the defendant and had a talk with Grace M. Gilman" who, it was agreed, had authority "to sign the letter of acceptance, receive the application, and talk with the plaintiff." At this interview, according to the plaintiff, when she gave her name and informed Miss Gilman she was from Ithaca, Miss Gilman said, "Why, an awful mistake has been made. You are colored aren't you?" The plaintiff replied "Yes." Miss Gilman then said, "Well, we don't take any more

colored students here . . . I am very sorry but we can't take you."

The plaintiff was allowed to show the amount of her carfare from Ithaca to Boston, her expenses for food and lodging while in Boston, charges for telegrams and telephone, and "her fare back to Charleston, West Virginia," where she lived.

She offered to show that because she was denied admission to the school, she suffered mentally, "was worried constantly. Hysterical"; that she had paid for her tuition at the school in Ithaca and was unable to recover the money paid; that before coming to Boston she had sublet her home in Charleston, West Virginia, at a rental of $125; "that when she returned from Boston she could not further rent it"; that when Miss Gilman said the plaintiff could not enter the school she was distressed in mind and felt humiliated and worried; and that the average earnings of teachers in West Virginia was $1,500 a year. The plaintiff excepted to the exclusion of this testimony.

In his charge to the jury the judge said: "In a tort case . . . the defendant becomes liable for all proximate consequences, while for the breach of contract, he is liable only for consequences which were reasonably foreseeable, at the time when it was entered into, as probable, if the contract was broken." The plaintiff excepted to this. She also excepted to that part of the charge in effect that there was no evidence she would continue at school and become a teacher in West Virginia; that "is too remote, takes into consideration too many contingencies."

There was no error in excluding the evidence offered. Damages for breach of contract are such as are the natural and proximate consequences of the breach, which it may be supposed entered into the contemplation of the parties when the contract was made, and such as might naturally be expected to result from its breach. Damages not directly traceable to the violation of the contract or which result from other causes are not allowed. Anxiety of mind and disappointment which may be suffered when a contract is broken are not elements of damage to be recovered in an

action of contract; they are too remote. *Murdock* v. *Boston & Albany Railroad,* 133 Mass. 15. *White* v. *West End Street Railway,* 165 Mass. 522. See *Lonergan* v. *Waldo,* 179 Mass. 135; *Hobbs* v. *London & South Western Railway,* L. R. 10 Q. B. 111, 121. In an action for breach of promise to marry, mental suffering and distress of mind are elements of damage, but this is an exception to the general rule. *Grant* v. *Willey,* 101 Mass. 356. *Coolidge* v. *Neat,* 129 Mass. 146. The loss of money paid by the plaintiff for her tuition in Ithaca was not an element of damages within the contemplation of the parties; nor was the failure to rent her house, nor her failure to complete her education and secure a position. *Mather* v. *American Express Co.* 138 Mass. 55. *Hadley* v. *Baxendale,* 9 Exch. 341. The plaintiff relies on *Morrison* v. *Lawrence,* 181 Mass. 127. That case was in tort and is not applicable. See *Brown* v. *Cummings,* 7 Allen, 507. In the case at bar, the plaintiff was permitted to recover all the damages which on the evidence she could recover in an action of contract.

*Exceptions overruled.*