PAUL V. DALEY *vs.* TOWN OF WEST BROOKFIELD & others. April 19, 1985. *Contract,* Performance and breach, Construction of contract. *School and School Committee,* Superintendency union.

The plaintiff, the former school superintendent of school union 12 (see G. L. c. 71, § 61), appeals from a summary judgment in favor of the three towns forming the union. The plaintiff had sought damages for breach of a contract he had with the union's school committee dated August 19, 1981.

The only breach claimed on appeal is that the West Brookfield elementary school was removed from the plaintiff's superintendency prior to the end of the school year. This, he argues, is a breach because it permitted "a de facto dissolution of School Union 12 to take place prior to the end of his contract term . . . ." Although the plaintiff was paid his full salary by the towns, he claims "he was damaged in his reputation" so as to render him unemployable.[1]

---

[1] Even if the plaintiff were able to prove a breach of his contract, he might not be able to recover more than nominal damages. Damages for injury to reputation are

On appeal, the plaintiff does not claim any statutory violation (see G. L. c. 71, § 43A) but relies solely on his contract claim. Although he urges that there are here issues of fact[2] which preclude the entry of summary judgment, we think that the language of the contract, as matter of law, does not permit a reading which obligates the towns to remain in the union.

Paragraph 13, relied on by the plaintiff, and set forth in the margin,[3] merely refers to a code of ethics which is not in the record. Even if paragraph 13 can draw meaning from a contemporaneous vote of the union's school committee — a question not free from doubt in view of paragraph 15 of the contract which states that the contract embodies the whole agreement between the parties and there are no obligations other than those contained therein — that vote or statement does not require that school union 12 be preserved. The report of the executive session of the union's school committee when the vote was taken states:

> "In item 13 Supt. Daley has stipulated that during the coming year, the Committees continue to keep him informed of school business and that he be treated with the respect that his position deserves while the transition takes place. The Committee members agreed."

We think an interpretation of the contract which would require each town to maintain the union would place an "impossible strain" on the words used in paragraph 13, even with the gloss of the report. See *Thomas* v. *Christensen,* 12 Mass. App. Ct. 169, 176 (1981), citing *Antonellis* v. *Northgate Constr. Corp.,* 362 Mass. 847, 851 (1973). An agreement to treat the plaintiff with respect and to keep him informed does not bind the towns to remain in a union.

---

usually not available in contract actions. See *McCone* v. *New Eng. Tel. & Tel. Co.,* 393 Mass. 231, 234 n.8 (1984). The rationale often given is that such damages are remote and not within the contemplation of the parties. See *Stratton* v. *Posse Normal School of Gymnastics,* 265 Mass. 223, 225 (1928); *Skagway City School Bd.* v. *Davis,* 543 P.2d 218, 225-228 (Alaska 1975) (school board not liable for injury to superintendent's reputation resulting from discharge). See generally 5 Corbin, Contracts § 1095, at 519 (1964); 11 Williston, Contracts § 1359, at 312 (3d ed. 1968).

[2] Did the negotiations and the contract that followed them contemplate that school union 12 would remain intact until the end of the school year? Was the de facto dissolution in October, 1981, caused by the towns and not by the plaintiff, a breach of his contract?

[3] Paragraph 13 reads as follows:
"RELATIONSHIP BETWEEN COMMITTEE AND SUPERINTENDENT:
Each of the parties to this agreement pledge to uphold and respect the code of ethics of the Massachusetts Association of School Superintendents and the Massachusetts Association of School Committees as far as those code [*sic*] of ethics define the relationship of a Superintendent of Schools and a School Committee."

We reach this conclusion even apart from any considerations of public policy which would make this court reluctant to read into the provision such a broad limitation on the towns' authority.

*Judgment affirmed.*

*John E. Swanstrom* for the plaintiff.
*Vincent J. McCaughey,* Town Counsel, for the defendants.