JOHN NILAND *vs.* BOSTON ELEVATED RAILWAY COMPANY & another.

Suffolk.    January 17, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence*, Street railway. *Practice, Civil*, Ordering verdict. *Evidence*, Presumptions and burden of proof.

If, at the trial of an action against a street railway company for personal injuries alleged to have been received while the plaintiff was a passenger on a car of the defendant and to have been caused by the car running into an ice wagon of a third person, there is evidence that the track was straight for a considerable distance before the car reached the wagon, that the wagon "was not going" and that the car struck some part of it, the case is one for the jury.

If at a trial there is some evidence, which, if believed, would warrant a verdict for the plaintiff, the case should be submitted to the jury although the weight of the evidence is so strongly against the plaintiff as not to justify a verdict in his favor, and, if the jury, notwithstanding the nature of the evidence, return a verdict for the plaintiff, the injustice of the finding may be corrected by the presiding judge setting aside the verdict.

TORT for personal injuries alleged to have been received by the plaintiff while he was a passenger on a box electric street car of the defendant Boston Elevated Railway Company and to have been caused by the car and an ice wagon of the other defendant, the Boston Ice Company, coming into collision. Writ in the Municipal Court of the Roxbury District of the City of Boston dated June 14, 1907.

On appeal to the Superior Court, the case was prosecuted against the Boston Elevated Railway Company only, and was tried before *Pierce*, J. All facts necessary for an understanding of the decision are stated in the opinion. At the close of the plaintiff's evidence the defendant rested and the presiding judge ordered a verdict in its favor. The plaintiff alleged exceptions.

*J. L. Keogh,* for the plaintiff.

*C. S. French,* for the defendant railway company.

RUGG, J. There was evidence tending to show that the plaintiff, while a passenger upon one of the defendant's surface cars, was injured by its sudden stopping incident to a collision with an ice wagon, left unattended in the street. There was ample evidence to support a finding that the accident occurred through the sudden movement of the horses attached to the ice wagon which brought one of them without warning upon the track in front of the car, and that the motorman then quickly stopped his car, which was not going at an excessive rate of speed. If these were the facts, the defendant would not be liable. *Timms* v. *Old Colony Street Railway,* 183 Mass. 193.

But the plaintiff testified that the track was straight for a considerable distance, that " the ice wagon was not going " and that the car struck " some part of the ice wagon." So far as the printed record goes, this seems to warrant a finding that the plaintiff was injured by the car running into a wagon stationary upon the track. It requires no discussion to show that this might be found to constitute a violation of that high degree of care which the defendant owed to the plaintiff as its passenger.

The case, therefore, should have been submitted to the jury. If in the opinion of the Superior Court the weight of the evidence was so strongly against the plaintiff as not to warrant a verdict in his favor, and the jury should make the mistake of returning such a verdict, the injustice could be corrected by setting it aside

on motion. The practice in this Commonwealth and generally requires a submission to the jury if there is evidence proper for their consideration, even though the preponderance may appear so great to the trial judge as to require him (if requested) to set aside one or several verdicts rendered against such preponderance. *White* v. *Boston,* 122 Mass. 491. *Bryant* v. *Commonwealth Ins. Co.* 13 Pick. 543. *Clark* v. *Jenkins,* 162 Mass. 397, and cases cited. *Aiken* v. *Holyoke Street Railway,* 180 Mass. 8, 12. Lurton, J., in *Mt. Adams & Eden Park Inclined Railway* v. *Lowery,* 74 Fed. Rep. 463, 476. Taft, J., in *Felton* v. *Spiro,* 78 Fed. Rep. 576, 582.          *Exceptions sustained.*