JOHN NILAND *vs.* BOSTON ELEVATED RAILWAY COMPANY & another.

Suffolk.    December 13, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Street railway.

One, who when travelling as a passenger in a street railway car was injured by reason of the sudden stopping of the car by the motorman in order to avoid a collision with an ice wagon that had come without warning in front of the car, or by reason of a sudden stopping of the car together with an unexplained collision, has upon these facts alone no right of action against the railway company operating the car, there being nothing to indicate its negligence.

TORT for personal injuries sustained on February 25, 1907, at about 11 o'clock A. M., when the plaintiff was a passenger on an electric street car of the defendant Boston Elevated Railway Company, alleged to have been caused by a collision of such car with an ice wagon of the defendant Boston Ice Company. Writ in the Municipal Court of the Roxbury District of the city of Boston dated June 14, 1907.

On appeal to the Superior Court the case was prosecuted against the Boston Elevated Railway Company alone. It first was tried before *Pierce*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant. The plaintiff alleged exceptions, which were sustained by this court in a decision reported in 208 Mass. 476.

There was a new trial of the case before *Quinn*, J. After the plaintiff's evidence the defendant called as a witness one Clark, who was the driver of the ice wagon at the time of the accident. The facts most favorable to the plaintiff which could have been found upon the evidence are stated in the opinion. At the close of all the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. L. Keogh*, for the plaintiff.

*C. S. French*, for the defendant.

RUGG, C. J. When this case was here before, 208 Mass. 476, it was held that it should have been submitted to the jury, because there was evidence that a motorman of the defendant permitted one of its cars, in which the plaintiff was a passenger, to run into an ice wagon standing still upon the track, whereby the plaintiff was injured. There is no such evidence in the present record. The evidence shows now, taken in its aspect most favorable to the plaintiff, that the accident occurred either by reason of the sudden stopping of the car by the motorman in order to avoid a collision with an ice wagon which had come without warning in front of the car, or a sudden stopping coupled with an unexplained collision. This alone was not evidence of negligence. The only explanation afforded by other evidence was that while the driver had left the ice wagon temporarily the horses attached to it veered toward or upon the track, and the motorman brought the car to a quick stop. The case is covered by the first part of the opinion in 208 Mass. 476. *Timms* v. *Old Colony Street Railway*, 183 Mass. 193. *Byron* v. *Lynn & Boston Railroad*, 177 Mass. 303. A verdict for the defendant was ordered rightly.

*Exceptions overruled.*