DENNIS J. REARDON & others *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    December 7, 1923. — December 13, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, In use of highway, Res ipsa loquitur.  *Evidence,* Presumptions and burden of proof, Relevancy and materiality.

The mere fact that a street railway car collided from the rear with a team which was proceeding along its steady and undeviating course in front of the car is not evidence of negligence of the street railway company which was operating the car.

At the trial of an action of tort for damages resulting from a collision between a horse and wagon of the plaintiff and a street railway car operated by the defendant, it is proper to exclude a question, asked of the motorman in cross-examination by the plaintiff, " How long have you been in the employ of the " defendant?

TORT for damages resulting to a horse and wagon owned by the plaintiffs when they were run into from the rear by a street railway car operated by the defendant.  Writ dated April 21, 1917.

In the Superior Court, the action was tried before *Hammond,* J.  Material evidence is described in the opinion. The instructions to the jury on the subject of the doctrine

of *res ipsa loquitur* were as follows: " The plaintiffs in this case are not entitled to recover unless they satisfy the jury that there is some conduct which they have shown in the case by evidence which the jury can point to and say that that was negligence. Now, I speak of it in this case because it has been referred to in argument. It has been said that there is a doctrine in the law, known as the doctrine of *res ipsa loquitur*, which is a Latin expression which means that the fact speaks, and it is said that if the plaintiffs should show in this case that the defendant ran into the plaintiffs' team, that that of itself was enough, unless explained by the defendant as to how it happened. Well, that is not so, and I cannot give you that instruction, gentlemen. The burden in these cases is upon the plaintiffs to show that there was negligence. It would not be enough for the plaintiffs to show that the team had been run into by a car of the Elevated Road, and then to say if there wasn't negligence it must be upon the defendant to show it. It doesn't shift the burden of proving negligence to show that there was an accident of this sort, and I cannot instruct you that that doctrine is applicable to this case. It is not sufficient to warrant a jury finding that there was negligence in this case simply because they were satisfied as appears to have been the case here, that the defendant car ran into this hack. The plaintiffs must satisfy you, and must sustain the burden before you are entitled to find in their favor, that is, they must sustain the burden of showing under all the circumstances there was negligence."

There was a verdict for the defendant and the plaintiffs alleged exceptions to the exclusion of the question, asked of the defendant's motorman on cross-examination, " How long have you been in the employ of the Elevated? " and to the instructions of the trial judge " so far as they related to the doctrine of *res ipsa loquitur*."

The case was submitted on briefs.

*W. H. Lewis*, for the plaintiffs.

*A. E. Pinanski & R. L. Mapplebeck*, for the defendant.

RUGG, C.J.   This is an action to recover property damages arising from a collision on a public way between a hack and

horses belonging to the plaintiffs and a trolley car operated by the defendant upon its tracks. There was evidence tending to show that the trolley car ran into the hack as it was proceeding along its steady and undeviating course in front of the car. There was other evidence tending to show that the hack was driven suddenly from the left side of the street upon the tracks so near to the front of the moving car that it was impossible for the motorman to avoid the collision. On this state of the evidence the jury were instructed fully as to the due care of the servant of the plaintiffs in charge of their property and the negligence of the motorman of the defendant, and further that the doctrine of *res ipsa loquitur* had no application. In this there was no error. The mere occurrence of the collision on the highway was no evidence of the negligence of the defendant. This is the rule of our own cases. *Niland* v. *Boston Elevated Railway,* 213 Mass. 522. *Singer Sewing Machine Co.* v. *Springfield Street Railway,* 216 Mass. 138. *Williams* v. *Holbrook,* 216 Mass. 239. *Timms* v. *Old Colony Street Railway,* 183 Mass. 193. *Stangy* v. *Boston Elevated Railway,* 220 Mass. 414. *McNiff* v. *Boston Elevated Railway,* 234 Mass. 252. *Parsons* v. *Boston Elevated Railway,* 236 Mass. 415. *Sandler* v. *Boston Elevated Railway,* 238 Mass. 148. *Kinnarney* v. *Milford & Uxbridge Street Railway,* 241 Mass. 127, 130. *Baglio* v. *Director General of Railroads,* 243 Mass. 203, 207. *Rizzitelli* v. *Vestine,* 246 Mass. 391, and cases there collected.

As was said in *Wing* v. *London General Omnibus Co.* [1909] 2 K. B. 652, 663, 664, " the mere occurrence of such an accident is not in itself evidence of negligence. Without attempting to lay down any exhaustive classification of the cases in which the principle of *res ipsa loquitur* applies, it may generally be said that the principle only applies when the direct cause of the accident, and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control and management of the defendants, or their servants, so that it is not unfair to attribute to them a *prima facie* responsibility for what happened. An accident in the case of traffic on a highway is in marked contrast to

such a condition of things. Every vehicle has to adapt its own behaviour to the behaviour of other persons using the road, and over their actions those in charge of the vehicle have no control. Hence the fact that an accident has happened either to or through a particular vehicle is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle." *St. Louis* v. *Bay State Street Railway,* 216 Mass. 255, 257.

It was for the jury to say under appropriate instructions whether the plaintiffs had sustained the burden of proof resting upon them. The case was left to the jury under full and apt instructions covering all issues.

Evidence as to the length of time during which the motorman had been in the employ of the defendant was excluded rightly. *Lang* v. *Boston Elevated Railway,* 211 Mass. 492.

*Exceptions overruled.*