ANTONIETTA DiLEO *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

NAZZARIO DiLEO *vs.* SAME.

Middlesex.    January 25, 1926. — February 26, 1926.

Present: RUGG, C.J., PIERCE, CROSBY, WAIT, & SANDERSON, JJ.

*Negligence,* Street railway, In use of highway, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof, Matter of conjecture.

If, at the trial of an action by a passenger on a street car against the street railway company for damages resulting from personal injuries, there is evidence tending merely to show that, through a sparsely inhabited district and on a track at the side of a tarvia and macadam surfaced road, the car was being operated on a dark and cloudy night down grade at the rate of twenty miles an hour, when suddenly the operator threw off his power, put on brakes, and jumped back and a collision occurred with a truck and the plaintiff was injured, and that after the collision the truck was standing in a diagonal position, partly on the track and with its motor running, the doctrine, *res ipsa loquitur,* is not applicable, and an inference that the collision was due to negligence of the operator of the street railway car is not warranted.

Two ACTIONS OF TORT. Writs dated March 14, 1923.

In the Superior Court, the actions were tried together before *O'Connell,* J. Material evidence is described in the opinion. At the close of the evidence, on motion by the defendant, verdicts were entered for the defendant. The plaintiffs alleged exceptions.

*J. W. Pickering,* (*J. Vecchioni* with him,) for the plaintiffs.
*A. F. Bickford,* for the defendant.

PIERCE, J. These were two actions of tort brought by the plaintiffs against the same defendant: one to recover for personal injuries received by the plaintiff in the first case while a passenger on one of the defendant's cars, and the other, by her husband to recover for medical services and nursing expense incurred by him in consequence of said injuries to his wife. The cases were tried together. At the close of the evidence the court, upon motions by the defendant, ordered verdicts for the defendant, and the cases come before this court on the plaintiffs' exceptions to that order.

The accident happened on January 1, 1923, at about eight o'clock in the evening. It was a dark and cloudy night. The plaintiff and her husband were passengers on an electric car of the defendant company which was in charge of an operator. The electric car was bound from Norwood, Massachusetts, to Grove Street, Boston. The car was lighted. "The accident happened on Washington Street between East Street and Curve Street in the town of Dedham. Washington Street is a public highway in the town of Dedham. It runs in a northerly direction from Dedham to Boston. It has a macadam and tarvia surface which is sufficiently wide to accommodate two lines of vehicles. On Washington Street between East Street and Curve Street a single line of tracks of the defendant company is situated upon the extreme easterly side of the street and some distance beyond the easterly edge of the tarvia surface. East of the tracks is a stone wall and east of the wall is vacant land with only one or two houses. There are no cross or intersecting streets between East Street and Curve Street. There is a slight down grade when going in a northerly direction.

After leaving East Street the car was proceeding on a slight downward grade at the rate of twenty miles an hour. The first thing that attracted the attention of the plaintiffs was that they saw the operator, who was stationed at the front of the car, suddenly throw off his power, put on his brakes, and jump back. There was a crash, and the car stopped at once. The force of the collision was such that the glass windows in the front vestibule of the car were smashed, the power box or electric controller at the left and front part of the vestibule was broken down, and the operator's seat in the left front of the car was broken to pieces. . . . the plaintiff's husband pulled the emergency brake which opened the rear door of the car, out of which he carried . . . [his wife] who had been thrown against the seat in front of her and had fainted. The car was then standing with the left front corner of the vestibule against or close to the right rear end of a large motor truck which was then standing in a diagonal position with the front of the truck pointing in a northwesterly direction," and "the motor in the truck was running." There was evidence that the plaintiff was injured.

Upon the above facts, taken from the bill of exceptions, the plaintiffs contend that "The natural, and fair and obvious inference is that the truck, as often happens, had been travelling ahead of the car, on the street railway track, notwithstanding the tarvia surface is 'sufficiently wide to accommodate two vehicles,' and was in the act of turning out, or attempting to turn out, when struck"; and that the operator of the car must have seen the truck in ample season to avoid striking it, but he evidently assumed, until too late, that it would leave the track in season to avoid the risk of a collision.

Upon such assumption of inferential fact they rely upon the doctrine of *res ipsa loquitur.* Concerning this doctrine it was said in *Wing* v. *London General Omnibus Co.* [1909] 2 K. B. 652, 663, 664, quoted with approval in *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124, 126, "the mere occurrence of such an accident is not in itself evidence of negligence. Without attempting to lay down any exhaus-

tive classification of the cases in which the principle of *res ipsa loquitur* applies, it may generally be said that the principle only applies when the direct cause of the accident, and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control and management of the defendants, or their servants, so that it is not unfair to attribute to them a *prima facie* responsibility for what happened.   An accident in the case of traffic on a highway is in marked contrast to such a condition of things. Every vehicle has to adapt its own behaviour to the behaviour of other persons using the road, and over their actions those in charge of the vehicle have no control. Hence the fact that an accident has happened either to or through a particular vehicle is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle."

The primary difficulty with the plaintiff's contention is that the assumed inference is not a necessary one, but is one that rests upon surmise, conjecture, or imagination; the second difficulty is that the facts are equally consistent with an assumption that the truck for some undisclosed reason was driven between the tarvia and the track and that the driver in the act of returning the truck to the tarvia surface turned it in a direction that brought the right rear end of the truck within the line of the overhang of the electric car.   In such a situation the collision may have resulted merely as an unavoidable accident in spite of the observance of all proper precautions.   In either case the presumption of fact upon which the doctrine of *res ipsa loquitur* is based does not arise and the burden remains on the plaintiffs to prove by affirmative evidence the negligence of the defendant.   *Carney* v. *Boston Elevated Railway,* 212 Mass. 179.   *Niland* v. *Boston Elevated Railway,* 213 Mass. 522.   *Williams* v. *Holbrook,* 216 Mass. 239.   *Whalen* v. *Mutrie,* 247 Mass. 316.

It follows that the motion for a directed verdict was rightly allowed, and that the exceptions of the plaintiffs must be overruled.

*So ordered.*