JOSEPH W. BARTLETT, executor, *vs.* TOWN TAXI INC.

Suffolk. November 15, 1927.— April 3, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Motor vehicle, Taxicab, Proximate cause, Causing death, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof. *Taxicab.*

At the trial of an action of tort against a taxicab company by the executor of the will of a woman for causing her conscious suffering and death, there was evidence merely that the woman got into a cab owned and operated by the defendant; that "when she got into this taxi the taxi driver turned around so abruptly he nearly tipped over," throwing the woman to the floor at the side of the cab and causing her to be injured; and that at the time of the accident the street was covered with snow. *Held,* that

(1) There was no evidence to warrant a finding that the testator's death resulted from the accident or the accident was due either to the negligence or gross negligence of the driver of the taxicab;

(2) The principle, *res ipsa loquitur*, had no application.

TORT, by the executor of the will of Frances Belle Gifford, with a declaration in two counts, the first count being for conscious suffering of the plaintiff's testatrix alleged to have resulted from gross negligence and carelessness of the defendant's agent or servant, and the second count being for causing the death of the testatrix. Writ dated March 29, 1921.

In the Superior Court, the action was tried before *Raymond*, J. Material evidence is described in the opinion. At the close of the evidence for the plaintiff, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. L. Sheehan*, for the plaintiff.

*T. F. Quinn*, for the defendant.

CROSBY, J. This is an action to recover for the conscious suffering and death of the plaintiff's testatrix, alleged to have been caused by the negligence and gross negligence of the defendant's employee.

On February 9, 1920, the decedent, Frances Belle Gifford, entered a taxicab of the defendant on Boylston Street, in Boston, which was being operated in the defendant's business by one of its employees. The testatrix having deceased on March 24, 1920, her daughter, Mildred Webster, was permitted to testify at the trial, under R. L. c. 175, § 66, now G. L. c. 233, § 65, respecting certain conversations which she had had with her mother. This witness testified that shortly after the accident her mother told her that she called the Town Taxi, and that "when she got into this taxi the taxi driver turned around so abruptly he nearly tipped over"; that "She was thrown to the side of the car, thrown down on the floor, she was hurt on her knee; it was her knee and her side here, all her side and side of her head, this side of her body . . . ." At the time of the accident the street was covered with snow. This witness further testified that her mother had a mark on one of her legs below the knee and complained of pains in her side and other parts of her

body. The foregoing was all the evidence relating to the accident. After the testatrix was injured, she was carried to her apartment; the same evening she went to the home of Dr. Dervin, where she had been staying for a few days, and remained there for a week, or longer, after the accident, and then returned to her apartment. This physician testified that he never gave her medical treatment.

Dr. Joseph Sprouls testified that on March 16, 1920, he visited her at her apartment but did not treat her professionally at that time; that two days later he examined her and found that she had a cough and "bronchial breathing in the left side of her lung"; that this condition had existed for two or three days before March 18; that he treated her for pneumonia, and thereafter sent her to a hospital where she died of that disease on March 24, 1920. The plaintiff introduced medical testimony to the effect that pneumonia is caused by a germ which enters the body.

From all the evidence it would seem that the death of the decedent was not the result of the injury but was due to pneumonia. There was testimony that if a person had previously been in a run-down condition the power of resistance would be less when pneumonia developed. Apart from this question, we are of opinion that there was no evidence to warrant a finding that the injuries sustained by the decedent were due either to the negligence or to the gross negligence of the driver of the taxicab. The statements of the decedent made to her daughter — that the driver of the taxicab turned around so abruptly that he nearly tipped over and that she was thrown to the floor of the taxicab and injured — in the absence of any other evidence to show the circumstances attending the accident were insufficient to justify a finding of negligence. There was no evidence to show traffic conditions in the street at that time and place, or whether or not the abrupt turn was reasonably necessary to avoid a more serious accident. In these days of extensive use upon the streets of motor vehicles of various kinds, it is a matter of common knowledge that, to prevent collision with pedestrians or with other vehicles, the sudden turning or stopping of a motor vehicle is often

unavoidable.  It was said in *Wing* v. *London General Omnibus Co.* [1909] 2 K. B. 652, at page 663, that "the mere occurrence of such an accident is not in itself evidence of negligence."  The rule of *res ipsa loquitur* applies only "when the direct cause of the accident, and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control and management of the defendants, or their servants, so that it is not unfair to attribute to them a *prima facie* responsibility for what happened.  An accident in the case of traffic on a highway is in marked contrast to such a condition of things.  Every vehicle has to adapt its own behaviour to the behaviour of other persons using the road, and over their actions those in charge of the vehicle have no control.  Hence the fact that an accident has happened either to or through a particular vehicle is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle."  It is plain that the principle of *res ipsa loquitur* has no application to the facts in the case at bar.  *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 126, 127, and cases there collected.

Corporations operating steam railroads and street railways have been held liable to passengers for personal injuries resulting from extraordinary or violent stopping or starting of cars in a manner not incident to ordinary traffic.  *Black* v. *Boston Elevated Railway*, 206 Mass. 80.  *Niland* v. *Boston Elevated Railway*, 208 Mass. 476.  *Bell* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 408.  Cases which hold that passengers on street cars or on railroad trains may recover for personal injuries due to the violent or sudden stopping or starting of cars are distinguishable from cases where passengers are injured in motor vehicles operated upon public ways.  Street cars and railroad trains are run on tracks maintained by them and are less hampered by other vehicles than is common street traffic.  Corporations operating street railways and railroads have been held not liable for injuries caused by ordinary jerks, jolts, and lurches incident to such traffic.  *Weinschenk* v. *New York, New Haven & Hartford Railroad*, 190 Mass. 250.  *Foley* v.

*Boston & Maine Railroad,* 193 Mass. 332.    *Anderson* v. *Boston Elevated Railway,* 220 Mass. 28, and cases cited.

*Magee* v. *New York, New Haven & Hartford Railroad,* 195 Mass. 111, and *Convery* v. *Eastern Massachusetts Street Railway,* 252 Mass. 418, and other cases relied on by the plaintiff are not in conflict with what is here decided.    The mere skidding of a motor vehicle is not evidence of negligence.    *Williams* v. *Holbrook,* 216 Mass. 239, 242.    *Loftus* v. *Pelletier,* 223 Mass. 63, 65.    *Lambert* v. *Eastern Massachusetts Street Railway,* 240 Mass. 495, 499.    In the case at bar the fact that an accident occurred is, in itself, no evidence of negligence of the defendant.    *Niland* v. *Boston Elevated Railway,* 213 Mass. 522.    *Reardon* v. *Boston Elevated Railway, supra.*    A finding that the driver of the taxicab was negligent because he turned around so suddenly that he nearly tipped over, in the absence of anything to show the conditions which existed at that time, would be without evidence to support it.    The burden resting upon the plaintiff to prove negligence was not sustained.    *Timms* v. *Old Colony Street Railway,* 183 Mass. 193.    *McGann* v. *Boston Elevated Railway,* 199 Mass. 446.    *Craig* v. *Boston Elevated Railway,* 207 Mass. 548.    *Niland* v. *Boston Elevated Railway, supra.*    *Reardon* v. *Boston Elevated Railway, supra,* and cases cited.    *DiLeo* v. *Eastern Massachusetts Street Railway,* 255 Mass. 140.    *Conway* v. *Boston Elevated Railway,* 255 Mass. 571.    The trial judge rightly directed a verdict for the defendant.

*Exceptions overruled.*