FRANCIS B. ELLIS *vs.* CHARLES M. ELLISON.

EVERETT W. ELLIS *vs.* SAME.

Barnstable. March 9, 1931. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of way, Res ipsa loquitur.

At the trial of an action by a boy for personal injuries, there was evidence that the plaintiff, riding a bicycle on a country road in a sparsely settled district, was following an automobile at a distance of twenty feet; that he turned to his left to go around another automobile parked on the right hand side of the road, into which it projected about two feet, and immediately was struck by the defendant's automobile, which was going in the opposite direction on the defendant's right side of the road and which the plaintiff did not see until immediately before the collision; and that after the collision the plaintiff and his bicycle were to the left and a little forward of the left front wheel of the defendant's automobile, which was a foot or

two to the right of the center of the road as the defendant was going. There was no evidence from which it could be found that the defendant saw or could have seen the plaintiff until immediately before the collision occurred. *Held,* that

·  (1) Assuming that the defendant was operating his car at a speed which was *prima facie* greater than was reasonable, there was nothing to show that the speed was causally related to the collision;

(2) The evidence did not warrant a finding that the defendant was negligent;

(3) The doctrine of *res ipsa loquitur* was not applicable;

(4) The plaintiff could not recover.

·  Two ACTIONS OF TORT. Writs dated, respectively, November 21, 1927, and March 24, 1930.

The actions were tried together in the Superior Court before *Fosdick,* J. Material evidence is stated in the opinion. The defendant rested at the close of the plaintiffs' evidence. The judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*J. D. W. Bodfish,* for the plaintiffs.

*H. F. Hathaway,* for the defendant.

CROSBY, J. These are actions of tort. The first is brought by a minor, by his next friend, to recover for personal injuries and for damage to his bicycle resulting from a collision with an automobile owned and driven by the defendant; the other is brought by the father of the minor to recover consequential damages. At the close of the evidence for the plaintiffs, the defendant filed a motion in each case for a directed verdict; the motions were granted subject to the plaintiffs' exceptions. The cases are before us on exceptions to the allowance of these motions.

There is no substantial difference in the evidence. The only persons who testified to the circumstances respecting the accident were the plaintiff in the first action, who will herein be referred to as the plaintiff, one Hazleton and one Lawrence. Neither of the two last named witnesses saw the collision. The accident occurred in a sparsely settled district in the town of Falmouth on a country road; it was a clear day and the road was dry. The plaintiff was riding a bicycle, following an automobile proceeding in a northerly direction and driven by Hazleton, at a distance

of from fifteen to twenty feet. Another automobile was parked on his right hand side of the road and projected for about two feet into the travelled part of the surfaced highway. The plaintiff testified "that as he was following the Hazleton car he was going out around the car; that as he started to go out around the parked car he got hit . . . that he did not see the car that hit him very long before it hit him; that it was about one minute — second, . . . [he] did not know just how long; that he was twenty feet behind the Hazleton car when he turned out to go by the parked car; that he did not change his course except to follow the Hazleton car; that he did not try at any time to pass the Hazleton car; that the defendant's car was fifteen feet or ten feet away when he first saw it." The defendant was travelling in an automobile in the opposite direction from that of the plaintiff and was driving on his right hand side of the road as he approached and passed the Hazleton car; there was no other traffic and there is no evidence which would warrant a finding that he drove his automobile on the left hand side of the road at any time.

The evidence, all of which was offered by the plaintiff, tended to show that he turned suddenly to the left when behind the Hazleton automobile to pass the parked car, and was almost immediately struck by the defendant's automobile which was travelling on the right of the center line of the highway. There is no evidence from which it could be found that the defendant saw or could have seen the plaintiff until immediately before the collision occurred. It also appears from the evidence that after the collision the plaintiff and his bicycle were to the left and a little forward, of the left front wheel of the defendant's car, which was a foot or two to the right of the center of the road as the defendant was going. There is no evidence in the record that would warrant the jury in finding that any negligence of the defendant had a causal connection with the accident. If it be assumed that the defendant was operating his car at a speed which was *prima facie* greater than was reasonable (G. L. c. 90, § 17), there was nothing to show that the speed was causally related to the collision. *Jabbour* v.

*Central Construction Co.* 238 Mass. 453, 455. *Rizzittelli* v. *Vestine,* 246 Mass. 391. If the defendant saw or in the exercise of reasonable care should have seen the boy before the accident, and when he was a considerable distance away, there is no evidence which would warrant a finding that he was lacking in due care or failing in any duty which he owed the plaintiff. There were no intersecting streets near the place of the accident, nor was there any act of the boy showing an intent other than proceeding properly on the right side of the road in the direction in which he was travelling. The cases of *Pinto* v. *Brennan,* 254 Mass. 298, and *Cairney* v. *Cook,* 266 Mass. 279, and like cases, are distinguishable in their facts from the case at bar. The undisputed facts show that the plaintiff was riding his bicycle and following within fifteen or twenty feet of the automobile in front of him; that before he had turned to his left to pass the parked automobile he could not see the defendant's car until it was so close to him that the collision could not be avoided. It is equally plain that the plaintiff's turn to the left to pass the parked car while following the car in front of him was so sudden that the defendant could not see him until it was too late to avoid the collision. · There is nothing in the entire record to show that the defendant could have foreseen that the plaintiff would be in contact with his automobile. The case is indistinguishable from *Gavin* v. *Jacobs,* 259 Mass. 23. *Rizzittelli* v. *Vestine, supra,* and cases there collected.

This is a case where it could have been found that neither party was at fault. It is plain that, on the evidence construed most favorably to the plaintiff, no circumstances appear from which an inference can fairly be drawn that the collision was due to any act or omission of the defendant. *Horne* v. *Boston Elevated Railway,* 206 Mass. 231. *Lydon* v. *Edison Electric Illuminating Co.* 209 Mass. 529, 533. *Ashton* v. *Fall River Gas Works Co.* 223 Mass. 20. The mere occurrence of the accident is not in itself evidence of negligence. *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124, and cases collected at page 126. *Whalen* v. *Mutrie,* 247 Mass. 316.

The doctrine of *res ipsa loquitur* is not applicable. It was said in *Wing* v. *London General Omnibus Co.* [1909] 2 K. B. 652, at pages 663–664: The rule of *res ipsa loquitur* applies only "when the direct cause of the accident, and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control and management of the defendants, or their servants, so that it is not unfair to attribute to them a prima facie responsibility for what happened. An accident in the case of traffic on a highway is in marked contrast to such a condition of things. Every vehicle has to adapt its own behaviour to the behaviour of other persons using the road, and over their actions those in charge of the vehicle have no control. Hence the fact that an accident has happened either to or through a particular vehicle is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle." *Reardon* v. *Boston Elevated Railway, supra. Whalen* v. *Mutrie, supra. DiLeo* v. *Eastern Massachusetts Street Railway,* 255 Mass. 140. *Bartlett* v. *Town Taxi Inc.* 263 Mass. 215. *Kelley* v. *Boston Woven Hose & Rubber Co. ante,* 21.

The cases of *White* v. *Boston & Albany Railroad,* 144 Mass. 404, *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386, *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, *Boutlier* v. *Malden,* 226 Mass. 479, *Lamberti* v. *Neal,* 253 Mass. 99, and other cases cited by the plaintiff are distinguishable from the present case.

As there was no evidence to warrant a finding of negligence on the part of the defendant, the question whether the plaintiff was in the exercise of due care need not be considered. In each case the entry must be

*Exceptions overruled.*