TIMOTHY H. CONLEY *vs.* TOWN TAXI, INC.

Suffolk.    November 5, 1936. — September 15, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence*, Taxicab.

A finding of negligence of the driver of a taxicab was not warranted by evidence merely that when nearing a passenger's destination the cab "stopped with a sudden jerk, a violent jerk," throwing the passenger forward.

TORT. Writ in the Municipal Court of the City of Boston dated November 9, 1935.

The action was heard by *Duff*, J., who found for the plaintiff in the sum of $200. A report to the Appellate Division was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*R. S. Teeling & F. R. Murphy*, for the defendant.

*R. J. Curran*, for the plaintiff.

DONAHUE, J. The plaintiff received an injury while riding as a passenger for hire in a taxicab owned by the defendant and operated by one of its employees. The plaintiff testified that when the vehicle reached a point near his destination, it "stopped with a sudden jerk, a violent jerk, put on the brakes with a sudden jerk, a violent jerk and that he was thrown forward and struck the frame, and broke his nose . . . and the contact . . . bruised his nose."

Subject to an exception by the defendant, the plaintiff was asked on direct examination: "Did you ever observe any taxicabs that you had ridden in before this date stop in such an unusual, sudden manner?" and answered, "No." For the purposes of this decision we assume, without deciding, that this testimony was properly received. The foregoing is all the evidence pertaining to the accident. There was no evidence as to any defect in the vehicle or as to the speed at which it was being operated at the time of the stopping or as to traffic conditions immediately in front of the taxicab at that time.

The words "sudden," "violent" and "unusual" employed or adopted by the plaintiff in describing the character of the stop do not by themselves afford a basis for finding the operator negligent. In *McGann* v. *Boston Elevated Railway*, 199 Mass. 446, the word "sudden," in *Anderson* v. *Boston Elevated Railway*, 220 Mass. 28, the word "violent," and in *Weinschenk* v. *New York, New Haven & Hartford Railroad*, 190 Mass. 250, the word "unusual" appearing in testimony descriptive of the movements of a street car or railroad train were held not to be evidence of the negligence of the defendants. See also *Work* v. *Boston Elevated Railway*, 207 Mass. 447, 448, and cases cited; *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540, 542, and cases cited. There was no evidence as to what the plaintiff's position in the taxicab was when the brakes were applied, and there was nothing to show that the stopping of the taxicab had any effect upon another passenger who was riding in it at the time. We think that the testimony of the plaintiff as to the effect on him of the stop, isolated as it is from any other circumstance, does not by itself warrant a finding that the operator was negligent.

In passing upon the carefulness of the conduct of the operator of the taxicab no aid is given by any evidence of attendant circumstances. Because of the suddenly changing conditions as to traffic which nowadays are apt at any time to confront any operator of a motor vehicle upon a public highway, it is often impossible to say whether his specific acts or his omissions to act are negligent unless the

accompanying circumstances appear. The bare fact that a motor vehicle is involved in an accident occurring on a highway does not ordinarily support a finding that its operator was negligent. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 126. *Whalen* v. *Mutrie*, 247 Mass. 316, 318. *Nager* v. *Reid*, 240 Mass. 211. *Rizzittelli* v. *Vestine*, 246 Mass. 391. *Folan* v. *Price*, 293 Mass. 76.

There was testimony that the taxicab, at the time it was stopped by the operator, was near the destination of the plaintiff but it does not appear that it had in fact reached the point where he expected to alight or that it was at the side of the street, the place where motor vehicles generally stop to discharge passengers. There is nothing in the evidence to show that the stop was not made because of the condition or the movements of vehicular or pedestrian traffic suddenly appearing in the street ahead of the taxicab. A stopping for such a cause (which is not here negatived by the evidence) would not be evidence of negligence of the operator. *Timms* v. *Old Colony Street Railway*, 183 Mass. 193. *McGann* v. *Boston Elevated Railway*, 199 Mass. 446. *Craig* v. *Boston Elevated Railway*, 207 Mass. 548. *Niland* v. *Boston Elevated Railway*, 208 Mass. 476; *S. C.* 213 Mass. 522. In *Bartlett* v. *Town Taxi Inc.* 263 Mass. 215, the fact that the operator turned a taxicab around so suddenly that it nearly overturned was held, in the absence of anything to show the existing conditions, not evidence of the operator's negligence. In the similar absence of such testimony in the present case we think the evidence did not warrant the inference that the purpose of stopping the taxicab was to permit the occupants to alight or the inference that the cause of the stop was not traffic conditions appearing in the street. The plaintiff did not sustain the burden of proving the operator's negligence by merely showing the fact of the occurrence of the accident without any of the accompanying circumstances.

The trial judge in the Municipal Court of the City of Boston rightly ruled that the doctrine of *res ipsa loquitur* was not applicable. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 126. *DiLeo* v. *Eastern Massachusetts Street*

*Railway,* 255 Mass. 140, 142.  *Bartlett* v. *Town Taxi Inc.*
263 Mass. 215, 218.  *Wilson* v. *Colonial Air Transport, Inc.*
278 Mass. 420, 425.  *Vozella* v. *Boston & Maine Railroad,*
296 Mass. 491, 493.  The judge, however, in denying a re-
quest for a ruling by the defendant, ruled that the burden
of proof resting upon the plaintiff to prove negligence on
the part of the defendant had been sustained and made a
finding for the plaintiff.  Since the evidence did not warrant
finding the operator of the taxicab negligent the ruling re-
quested by the defendant should have been given.  The
order of the Appellate Division dismissing the report must
be reversed and judgment for the defendant must be entered.

*So ordered.*