Zottoli, J.
This is an action in tort in which the plaintiff seeks to recover for personal injuries and property damage alleged to have been sustained while he was a passenger on a bus owned and operated by the defendant as a common carrier of passengers for hire, and “due to the negligence of the defendant, its servants or agents.”
The report sets forth that it “contains all the evidence material to the questions reported”. The evidence pertaining to the issue of liability is meagre. All that appears is that “at the trial the plaintiff testified that he was a passenger on the defendant's bus, having purchased a "ticket for Boston — that on January 25, 1938, at about 3:15 A. M., somewhere in the vicinity of Middletown, — Connecticut, the bus was going fast and went off the road into a pond; that he did not know, but thought he was awake as he remembered the bus going fast and leaving the road and going into a pond; that this was all he knew about the happening of the accident; that when the bus came to a stop, it was tilted at an angle, the right side being lower *337 than the left side; that he was seated on the right hand side next to the window, four seats back from the driver; that he was not thrown from his seat, but felt a bump on his head when the bus went into the pond; that he was on the lower side of the bus when it came to rest; that he was not immersed in water but that there was water on the floor of the bus where he was seated, about up to his knees; that there was more water on his side of the bus than on the other side, and more toward the front than toward the rear; that he got out of the bus through a window on the left hand or higher side of the bus, and that it was raining when he got out. ...”
At the close of the evidence the defendant duly filed eight requests for rulings. These need not be set out because the defendant at the arguments before this division waived all alleged grievances except those relating to the ' denial of his first and eighth requests. The first request asked the court to rule that the evidence was “not sufficient as matter of law to warrant a finding that the defendant was negligent”; the eighth, that the plaintiff had “not sustained the burden of proving that any negligence on the part of the defendant was the sole and proximate cause of the loss of his personal property”. After dealing with the defendant’s requests, the court made the following finding:
“Upon the whole case, I find as a fact that the plaintiff’s injuries were solely attributable to the negligence of the defendant and find for the plaintiff in the sum of $432.50”.
As we have come to the conclusion that the evidence does not warrant a finding for the plaintiff, we need concern ourselves only with the court’s denial of the defendant’s first request. It is well established law that the plaintiff has the burden to prove the defendant’s negli- ' gence caused the injury or damage alleged. Rigwood v. *338 Boston & Northern St. Ry., 209 Mass. 345, 348; Jabour v. Central Construction Co., 238 Mass. 453, 455; Bartlett v. Town Taxi Co. Inc., 263 Mass. 215; Walker v. Benz Kid Co., 279 Mass. 533, 537.
This is an “affirmative burden”. Whether negligence exists cannot be left to surmise, conjecture or imagination. There must be something amounting to proof, either by direct evidence or rational inference of probabilities from established facts. While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable. If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as one for which the defendant is liable, then a plaintiff fails to make out his case. Bigwood v. Boston & Northern St. Ry., 209 Mass. 345, 348.
The fact that an accident has happened either to or through a particular vehicle being operated on a public way is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle. Whalen v. Mutrie, 247 Mass. 316; Bartlett v. Town Taxi Co. Inc., 263 Mass. 215, 219; Ellis v. Ellison, 275 Mass. 272, 276.
The doctrine of res ipso loquitur is not applicable to an accident involving vehicles on a highway. Bartlett v. Town Taxi Co. Inc., 263 Mass. 215, 218; Ellis v. Ellison, 275 Mass. 272.
The evidence reported is not sufficient to show how the accident occurred. On analysis, the strongest pertinent testimony as to what happened at the time of the accident is the plaintiff’s statement that “the bus was going along fast and went off the road into a pond; that he did not *339 know but thought he was awake, as he remembered the bus going fast, leaving the road and going into the pond; that this was all he knew about the happening of the accident”. The statement that the bus “was going fast” is not in itself sufficient to warrant an inference of negligence. Examples from a few decided, cases will suffice to illustrate this point.
In the case of Foley v. Boston & Maine R. R., 193 Mass. 332 at 335, the court pointed out that “mere expletive or declamatory words or phrases as descriptive of speed or acts, unaccompanied by any evidence capable of conveying to the ordinary mind some definite conception of a specific physical fact, and depending generally upon the degree of nervous emotion, exuberance of diction, and volatility of imagination of the witness, and not upon his capacity to reproduce by language a true picture of a past event, are of slight, if indeed they are of any, assistance in determining the real character of the fact, respecting which they are used.” The words “swift”, — “quite violent” — “awful”,—“very severe”, — and ‘ “unexpected”, were there held to be “mere expletives” and insufficient proof of negligence. Again in the case of Singer Sewing Machine Co. v. Springfield St. Ry., 216 Mass. 138 at 139, a description that the car was going “fast,” “awful fast,” —“rolling, jumping, running one way and the other”— “jumping around and down”, “shaking”, was also held insufficient evidence of negligence on the part of the motorman. Again in the action of Olund v. Worcester St., Ry., 206 Mass. 545 at 547, testimony that the “car ran fast”— and that “the car was goingtoo fast” was held insufficient to warrant a finding that the speed was unusually great or negligent. Again, in Whalen v. Mutrie, 247 Mass. 316, at page 318, the court pointed out that the word “fast” without anything to indicate the rate of speed is too indefinite to prove negligence; so too, in Marcienowski v. Saunders, *340 252 Mass. 65 at 67, the expression, “well, we were going like Hell”, was held not to be a description of a fact— tending to show how fast they were going or that the rate of speed was excessive or unreasonable. Nor is the testimony that “the bus left the road and went into the pond” sufficient to warrant a finding that the cause of its so-doing was negligence on the part of its operator. The end result sheds no light on what occasioned it. Evidence as to the surrounding circumstances from which negligence might be inferred is entirely lacking. It is equally probable, so far as the testimony shows, that it was brought about by factors for which the defendant was in no way responsible.
Accidental skidding, negligent operation of another vehicle, a defective roadway, and other factors, might have caused the effects complained of without negligence on the defendant’s part. Under these circumstances there is no presumption that the accident was brought about by the defendant’s negligence rather than by causes for which the defendant is not responsible. Wilson v. Colonial Air Transport, Inc., 278 Mass. 420, 425.
The case, in principle, comes within that class illustrated by Bartlett v. Town Taxi Inc., 263 Mass. 215, in which the court held that the fact “an accident has happened either to or through a particular vehicle, is by itself no evidence that the fault, if any, which led to it was committed by those in charge of the vehicle”. And see Foster v. Black Hawk Line Inc., No. 40920, Municipal Court of the City of Boston (51 App. Div. 228).
It follows that the court’s finding of negligence is not supported by the evidence reported, and that the defendant’s first request should have been granted.
The order therefore is—
Finding vacated.
Judgment for the defendant.