Pbttingell, J.
Action of tort. The undisputed facts are that, on a rainy day, on the rain soaked wooden planking of a highway bridge, with traffic moving at about ten miles an hour, the line of traffic stopped, there were several collisions of automobiles in the line, and the defendant’s automobile ran into the rear of the plaintiff’s truck which was ahead of it.
The defendant requested four rulings which were denied. Among these was the following:
“5. The doctrine of res ipso loquitur is not applicable to this case.”
The report states that the requests denied were “disallowed * * * on facts found”. No findings of fact were made. There was a finding for the plaintiff.
*280 Rule XXVII of the District Court Rules (1932 Ed.),, was amended, as of October 1, 1937, by the addition of the following :
“Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the Court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed.”
This amendment was undoubtedly the result of the unfavorable' comment of the Supreme Judicial Court on the practice of district court judges in denying requested rulings as not applicable to facts found without finding any facts. In Mericantante v. Boston & Maine Railroad, 291 Mass. 261, at 263, the court said:
“This method of dealing with requests is not to be encouraged where there are no specific findings of fact. It cannot be assumed that by ‘the facts found’ the judge meant those set forth in the request itself. . He may have had in mind other facts found but not stated. This court is left with no means of knowing to what facts the judge has ruled the request is inapplicable and the same difficulties may arise which were discussed in John Hetherington & Sons Ltd. v. William Firth Co., 210 Mass. 8, 17.”
In Povey v. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 767, at 773, the court said.: .
“The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 19. Castano v. Leone, 278 Mass. 429. There *281 is no formula for the disposition of requests for relevant rulings which can dull the edge of this judicial duty. The method of dealing with requests for rulings adopted in the case at bar is not to be commended.”
In Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, at 23, the court said:
“We have had occasion before to animadvert upon the practice apparently founded upon a misreading of John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 18, by which a judge sitting without jury attempts to dispose of requests for rulings of law by asserting in substance that they are immaterial or inapplicable in view of the facts found by him, without proceeding to make such clear and definite findings as will demonstrate the corrections of that assertion.”
In Freeman v. Crowell & Thurlow Inc., Mass. Adv. Sh. (1937) 307, at 310, the court said:
“The practice of denying requests for rulings because they are not applicable on the unreported facts found by the judge is unsound and should not be continued.”
We thus see that the practice of disposing of rulings requested by denying them “as inapplicable to facts found”, without any finding of facts appearing in the record, is condemned by the Supreme Judicial Court, and forbidden by the District Court Rules. As the court said in Mericantante v. Boston & Maine Railroad, 291 Mass. 261, the practice is one in which the same difficulties may arise which were discussed in John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, at 18, 19, in which it was pointed out that in the disposition of requests for rulings of law no such presumption exists to aid the trial judge as there is as to findings of fact by him. Without a finding of facts it cannot be assumed that the requests for rulings were denied as inapplicable in view of the facts so found. Rodde v. Nolan, 281 *282 Mass. 493, at 497. See, also, Rooney v. Porter-Milton Ice Co., 275 Mass. 254, at 257, 258.
The present case demonstrates perfectly the difficulty referred to by the Supreme Judicial Court. The trial judge was requested to rule that the rule of res ipsa loquitur did not apply to the case on trial, one involving* the collision of motor vehicles on a highway bridge. For many years it has been settled law in Massachusetts that the principle of res ipsa loquitur does not apply to collisions of motor vehicles on public highways. Reardon v. Boston Elevated Ry., 247 Mass. 124, at 126; Lonergan v. American Railway Express Co., 250 Mass. 30, at 36; Bartlett v. Town Taxi Inc., 263 Mass. 215, at 218; Ellis v. Ellison, 275 Mass. 272, at 276. Even in the case of a rear end collision, the rule does not apply, Hendler v. Coffey, 278 Mass. 339; Jennings v. Bragdon, 289 Mass. 595, at 597; Buda v. Foley, Mass. Adv. Sh. (1939) 365, at 366.
The denial of this particular request under the circumstances of the case would indicate that the trial judge found facts to exist which changed the settled law of the Commonwealth and made applicable the rule always heretofore held inapplicable. What such facts can be is difficult to comprehend, but by the Hetherington case and Roddle v. Nolan, 281 Mass. 493, we are forbidden to assume anything* and so need not make the attempt.
Because of the uncertainty as to what facts the trial judge had in mind and what law she was applying* to the facts, there must be a ruling of prejudicial error. DeYoung v. Andrews Co., 214 Mass. 31, at 32, 33; Kaufmann v. Sydemon, 251 Mass. 210, at 217; Russell v. Foley, 278 Mass. 145, at 148, 149; Minsk v. Pitaro, 284 Mass. 109, at 115; Bresnick v. Heath, 292 Mass. 293, at 299.
The report discloses no evidence of any negligence on the part of the defendant. There is merely the report of the *283 collision of two motor vehicles, moving at a low rate of speed on wet planking on a rainy day. The fact that a rear end collision occurred would not by itself permit a finding of negligence. Jacobs v. Moniz, 288 Mass. 102, at 106. There must be some evidence of negligence. Nager v. Reid, 240 Mass. 211, at 214; Whalen v. Mutrie, 247 Mass. 316, at 318; Bartlett v. Town Taxi Inc., 263 Mass. 215, at 219; Rogers v. Dalton, Mass. Adv. Sh. (1937) 1191, at 1193.
The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.