No. 903 Southern Norfolk, ss.

McCABE (John W. Blakeney, Jr.)
v. BOSTON CONSOLIDATED GAS CO.
 (White, White, & Phillips, Badger, Pratt, Doyle & Badger)

From the District Court of East Norfolk—Nagle, J.

Argued April 10, 1941—Opinion Filed May 5, 1941

SANBORN, P.J. (Estes, & Briggs, JJ.)—This is an action of contract or tort in which the plaintiff seeks to recover damages for personal injuries and damage to her property resulting from an explosion in a gas stove which had been purchased of the defendant Company and set up by it in the kitchen of the plaintiff's home. The declaration is in five counts.

At the trial there was evidence tending to show the following: The plaintiff and her daughter went to the office of the defendant Company and selected and purchased a gas stove. The purchase price was to be paid in certain fixed installments and title was to remain in the defendant until the full purchase price was paid. The stove was a Glenwood stove and had a heating unit which was entirely distinct and in no way connected with the rest of the stove, and which was regulated by a thermostat on the wall. The stove was installed about January 6, 1938, and was used continually from then on. About three weeks later, crackling noises were heard in the stove, and it was found the enamel finish on the heating unit side of the stove had chipped off and had fallen to the floor. This was reported to the defendant; men from the defendant Company looked over the stove and the plaintiff was told that anything that was wrong would be replaced, but nothing was ever done. Following this, the plaintiff continued to use the heating unit which was operated wholly by thermostatic control. All work in connection with the piping to and the installation of the stove was done by the defendant. There was at no time any odor of gas, and except for the cracking of the enamel, there was nothing to indicate any defect in the stove, or that it was not operating properly. On the morning of February 3, 1938, a severe explosion occurred in the heating unit which blew

[ 28 ]

open the door of the heater, tore off parts of the stove, damaged the kitchen, and severely injured the plaintiff.

The court made the following finding:

"I find that the stove in question was purchased from the defendant on a contract of conditional sale, that at the time of the alleged accident, title to said stove was in the name of the defendant, that the plaintiff was injured as a result of an explosion in said stove, in the plaintiff's home, that the accident occurred without any negligence on the part of the plaintiff. I rule that the evidence does not warrant a finding of negligence on the part of the defendant."

The sole questions here presented relate to the findings and rulings with reference to the defendant's negligence. There was no evidence of any gas leak from the pipes or fittings used in connecting up the stove. There was no evidence the installation of the stove had not been done in all respects in a careful and proper manner. Neither did it appear the chipping of the enamel affected in any degree the actual working of the stove so as to be the cause of or have any relation to the explosion. Except for this chipping, there was no evidence the stove was in any way defective.

While the plaintiff is not obliged to show the particular act of negligence that caused the explosion, nor to exclude the possibility it might have happened from some other cause than that claimed by her, *Melvin* v. *Penn Steel Co.* 180 Mass. 196, *Gregory* v. *American Thread Co.* 187 Mass. 239, *McNicholas* v. *New England Tel. and Tel. Co.* 196 Mass. 138, *Adams* v. *Dunton*, 284 Mass. 263, the plaintiff is bound to establish some negligent act or omission on the part of the defendant or a combination of circumstances from which negligence may reasonably be inferred. But the plaintiff contends that an accident of this sort does not happen according to common experience without negligence on the defendant's part, in other words that the doctrine of *res ipsa loquitur* applies. This contention is predicated upon the fact the stove was supplied (although it does not appear it was manufactured) by the defendant, that it was set up, installed, connected, regulated, and set in operation by the defendant, and that if all this work had been done properly, and the proper materials used, an accident such as this would not have happened.

As stated in *Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, "The principle of *res ipsa loquitur* only applies where the direct cause of the accident and so much of the surrounding circumstances as were essential to its occurrence were within the sole control of the defendants or their servants. *Reardon* v. *Boston Elevated Ry.* 247 Mass. 124. It is to be noted that the presumption raised in favor of the plaintiff by the application of the doctrine of *res ipsa loquitur*, is one of evidence and not of substance, and that the burden of proof remains during the trial upon the plaintiff. *Gilchrist* v. *Boston Elevated Ry.* 272 Mass. 346. It is also to be observed that the doctrine will not be applied if there is any other reasonable or probable cause from which it might be inferred there was

[ 29 ]

no negligence at all; nor does it apply in any instance when the agency causing the accident is not under the sole and exclusive control of the person sought to be charged with the injury. *Stangy* v. *Boston Elevated Ry.* 247 Mass. 124. *Di Leo* v. *Eastern Mass. St. Ry.* 255 Mass. 140."

We are of the opinion the defendant did not have such complete control of the operation of the stove as to make the doctrine of *res ipsa loquitur* applicable. Possession of the stove and its operation was in the control of the plaintiff, and her request No. 3, seeking a ruling that the doctrine of *res ipsa loquitur* applied, was properly denied. Request No. 2 was properly denied because due care on the part of the plaintiff is not sufficient to fasten liability upon the defendant. As the court found the evidence did not warrant a finding of negligence on the part of the defendant, the remaining requests predicated upon the defendant's negligence was properly denied. The plaintiff's contention that the stove constituted a nuisance for which the defendant is liable is not only without merit but is not presented by any ruling which was denied the plaintiff.

No prejudicial error was made by the trial court, and this report is to be dismissed. So ordered.