Eno, J.
These are two actions of tort by which, in one action, the male plaintiff seeks to recover for property damage to his Packard automobile, and in the other action, his wife seeks to recover for personal injuries, all alleged to have been sustained as a result of a collision with the defendant’s automobile.
The defendant’s answer in each case is a general denial, contributory negligence, and a plea that said automobile was not operated by any person for whose conduct he was legally responsibile.
*2 At the time of the accident, the wife was operating said Packard automobile on Main Street, near its intersection with Park Street, in Peabody, while on a shopping trip to purchase groceries for the use of herself and her husband.
At the corner of both of said streets is a building occupied by the Standard Hardware Store, and between that building and another building occupied by a. theatre, there is an alleyway. The defendant’s automobile was stopped on the right side of said Main Street, just beyond said alleyway.
The wife testified that she first saw the defendant’s automobile when she was 50 feet away from it, while approaching it from the East; that at that time it was stopped on the right side of Main Street; that there was traffic approaching her before she arrived at the defendant’s automobile, and that she was travelling in a line of traffic; that when she was half-way by the defendant’s automobile, she heard a ‘‘riping noise,” this being the first she knew of an accident; that she continued onward for about ten car lengths, parked her car, and returning to the scene of the accident, found the defendant’s automobile in said alleyway off Main Street; that she accused the defendant of hitting her car; and that the defendant said: “I guess I owe you a fender.”
There was also evidence that the right rear fender of the husband’s automobile was ripped and a portion of the moulding on the running-board was torn.
At the close of the trial, the defendant filed the following request in each case: ‘ ‘ The evidence requires a finding for the defendant.”
The trial justice denied the requests and filed the following memorandum of decision:
‘ ‘ The two cases above were brought by husband and wife respectively; the husband being the owner and *3 the wife the operator of a motor vehicle of the passenger type. The wife was driving alone along Main St., the principal street of the City of Peabody in said County, her car in a line of cars about twenty-five feet apart and moving about twenty miles an hour toward Salem from Peabody Square which she had just left about two hundred yards back. The traffic line had reached Park Street, the first street on the right toward Salem, and the plaintiff’s car had passed by Park Street and was then passing by a building on the corner of Park Street. The building on the corner of Park Street adjoined the property upon which stood the Peabody Moving Picture Theatre. From the street and over the sidewalk a vehicle entrance to the Park Street side of the theatre contained a motor vehicle used for transporting luggage and whatnot, into and out of the theatre. The defendant was the operator of this vehicle.
“As the plaintiff wife drove by on Main Street opposite this luggage space the defendant operator drove his vehicle against the rear end of the automobile plaintiff wife was driving. She pulled up at the Salem end of the theatre and walked back to where defendant sat on his vehicle. As she came up to him, defendant said to her, ‘ Guess I owe you a mudguard. ’
“After the collision plaintiff felt shaky and nervous and her ankle bothered her. For a week nervousness bothered her sleep at night and stopped it altogether for periods. Her knee, shoulders and neck were lame and she was generally shaky, and needed a doctor. But she kept at her employment.
“Part of the mudguard of her car was ripped off; and I find the car’s value lessened.
“I find for plaintiff Charles V. Cassidy in the amount of two hundred seventy-five dollars ($275.00) and for plaintiff Julia M. Cassidy in the amount of four hundred dollars ($400.00).
“The Requests of the Defendant in both cases are denied. A finding for the defendant was warranted but not required and the Requests do not comport with the facts found by me, and the inferences I have deemed fair to draw from them.”
*4 The report states that it contains all the evidence material to the questions reported.
By his requests, the defendant raises the question of the sufficiency of the evidence. «
The plaintiff had the burden to prove by a fair preponderance of the evidence that the defendant’s negligence caused the injuries to the wife and the damage to the husband’s automobile, and this affirmative burden cannot be left to surmise, conjecture or imagination. Bigwood v. Boston & Northern Street Ry., 209 Mass. 345. And if the evidence does not go beyond mere conjecture, there is no question for the trial judge sitting as the tryer of the facts. Saxe v. Walworth Manufacturing Co., 191 Mass. 338, 341; Olsen v. New England Fuel & Transportation Co., 251 Mass. 389, 393; Mucha v. Northeastern Crushed Stone Co., Inc., 307 Mass. 592.
If we exclude for a moment the defendant’s admission: “I guess I owe you a fender,” it is plain that there is no evidence of negligence.
All the evidence was offered by the plaintiffs and only tended to show that during the time the wife covered the distance of fifty feet, the defendant’s automobile was stationary on its right-hand side of the street. The wife does not say that the defendant’s automobile collided with the one she was operating, but simply stated that she heard a “ripping noise,” when half-way passed it. Then she continued onward for about ten car lengths before returning, and found the defendant’s automobile in the alleyway.
The mere occurrence of the accident is not in itself evidence of negligence. Reardon v. Boston Elevated Railway Co., 247 Mass. 124, and cases collected at page 126; Whalen v. Mutrie, 247 Mass. 316; Ellis v. Ellison, 275 Mass. 272, 275.
*5 There remains to be considered whether the defendant’s statement to the wife after the alleged accident is sufficient to warrant a finding for the plaintiffs. In this case, the trial judge made a finding for the plaintiffs and a finding of facts. These “are to stand if warranted in law upon any possible view of the evidence.” Moss v. Old Colony Trust Co., 246 Mass. 139, at 143; Coe v. Ware, 271 Mass. 570, 573, 574.
If there had been any evidence of negligence, however slight, the admission might then have been sufficient to make out a case for the plaintiffs. Cutter v. Demmon, 111 Mass. 474, 479; Zandan v. Radner, 242 Mass. 503, 505; Credit Service Corp. v. Barker, 308 Mass. 476, 481.
Without other evidence, however, we think that defendant’s statement alone is not sufficient to prove his negligence. Kay v. Audet, 306 Mass. 337; Grace v. Boston Elevated Ry., 1948 Mass. Adv. Sh. 41, 43.
It was prejudicial error, therefore, to deny defendant’s request for rulings since the plaintiffs have not sustained their burden of proof. In each case the finding for the plaintiff is reversed and a finding is to be entered for the defendant.